[No. 3654–II.   Division Two.   January 7, 1981.]

NICK J. TARABOCHIA, ET AL, *Appellants,* v. THE TOWN OF GIG HARBOR, ET AL, *Respondents.*

*Nick L. Markovich,* for appellants.

*David H. Johnson* and *John A. Paglia,* for respondents.

PETRIE, J.—Owners of a commercial moorage and docking facility appealed to the Shorelines Hearings Board a decision of the Town of Gig Harbor which limited the size of a previously completed expansion of the facility.

Following a hearing at which adjoining landowners were permitted to intervene, the Board issued its findings of fact, conclusions of law and order affirming the Town's decision. A true copy of those findings, conclusions and order was deposited, postage prepaid, in a receptacle of the United States mail at Lacey, Washington, on Wednesday, June 22, 1977, addressed to the moorage owners' attorney of record. It was received by counsel at a date unknown, but obviously subsequent to the date of mailing. The owners filed a petition for judicial review in Superior Court for Pierce County on Friday, July 25, 1977, 33 days after the Board's decision had been mailed.

Intervenors and the Town moved to dismiss the appeal, alleging (1) that the petition for review was not timely filed and (2) that the owners had failed to procure the administrative agency's verbatim report of proceedings. The trial court dismissed the petition on the latter basis, and the owners appealed to this court. We hold the trial court never acquired jurisdiction and affirm the order dismissing the owners' petition for judicial review.

We must first determine whether the Superior Court had jurisdiction to entertain the petition. Judicial review of decisions of the Shorelines Hearings Board in contested cases is governed by the administrative procedures act,

RCW 34.04. RCW 90.58.180(3); *Department of Highways v. King County Chapter, Wash. Environmental Council,* 82 Wn.2d 280, 510 P.2d 216 (1973). Transmittal of agencies' decisions to parties appearing before them is governed by RCW 34.04.120 which provides in part:

> Parties to the proceeding shall be *notified* of the decision and order in person or *by mail.* A copy of the decision and order and accompanying findings and conclusions shall be delivered or *mailed* to each party and to his attorney of record, if any.

(Italics ours.) Thereafter, a party aggrieved by an agency's final decision in a contested case is entitled to judicial review in the superior court of a statutorily appropriate county. *Department of Highways v. King County Chapter, Wash. Environmental Council, supra.* RCW 34.04.130(2) provides in part:

> Proceedings for review under this chapter shall be instituted by *filing* a petition in the superior court, . . . The petition shall be *served* and *filed* within thirty days after the *service* of the final decision of the agency. Copies of the petition shall be *served* upon the agency and all parties of record.

(Italics ours.)

Thus, it can be readily seen that the legislature employed several verbs, *i.e.,* "notified," "filed," and "served," to determine the several prerequisites necessary for a valid and timely appeal. The agency's statutory responsibility is to *notify* the parties and their counsel of its final decision. That notification process can be accomplished by *mailing* a copy of the decision to the appropriate persons. The aggrieved party's responsibility is to *file* a petition in the appropriate superior court, with the added admonitions (1) that the petition shall be *served* and *filed* within 30 days after the *service* of the final agency decision, and (2) that *copies* of the petition shall be *served* upon the agency and all parties of record.

The legislative scheme apparently provides that the original of the petition shall be filed in superior court. The

provision that the original shall also be "served" has no real significance except to indicate that the legislature utilized the verb "serve" in a sense other than its normally understood usage for the service of some form of judicial process.

We need not, however, ponder over what the legislature meant by requiring that the original shall be "served." The dispositive issue is what the legislature meant by requiring that the petition shall be lodged with the court "within thirty days after the *service* of the final decision of the agency." (Italics ours.) Again, the legislative intent is obscure because the legislature never imposed upon an agency the duty to "serve" its final decision upon the parties; the legislature required only that the agency notify the parties by mailing a copy of its decision to the parties and counsel of record, if any. Thus, we are led to the inescapable conclusion that the legislature intended that the agency's duty of mailing constitutes and completes its "service" responsibilities so long as the mailing is sufficient to *notify* the parties.

We conclude, therefore, that under the statutory scheme for judicial review of final decisions of administrative agencies subject to the administrative procedures act, the 30–day time period for filing a petition for judicial review in superior court commences from the date the decision of the agency is mailed to the parties and counsel. *Accord, In re Pewaukee,* 72 Wis. 2d 593, 241 N.W.2d 603 (1976); *Thompson v. Civil Serv. Comm'ns,* 63 Ill. App. 3d 153, 379 N.E.2d 655 (1978).

Possibly bearing on the issue, however, is the significance and applicability of CR 6(e) which provides:

> *Whenever* a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and *the notice* or paper *is served upon him by mail, 3 days shall be added to the prescribed period.*

(Italics ours.)

RCW 34.04.130(2) is the source of subject matter

jurisdiction in the superior court to consider a review of an administrative agency's final decision. *Bock v. State Bd. of Pilotage Comm'rs,* 91 Wn.2d 94, 586 P.2d 1173 (1978). The Superior Court Civil Rules (officially abbreviated to "CR" by CR 85) do not purport to extend subject matter jurisdiction of the court. Though they are designed "to secure the just, speedy, and inexpensive determination of every action", CR 1, they are procedural rules applicable only *after* the commencement of any action. *See Joint Council Dining Car Employees Local 370 v. Delaware, L. & W. R.R.,* 157 F.2d 417 (2d Cir. 1946). We hold CR 6(e) does not extend the time within which a petition must be filed to review a final decision of an administrative agency.

In summary, we conclude that because the notice of appeal was not filed within 30 days of the agency's mailing of its decision and order, the trial court never acquired jurisdiction to pass on the merits of this appeal. Thus, we do not reach the issue of whether the moorage owners failed to perfect their appeal by failing to obtain the agency's verbatim report of proceedings.

Judgment of dismissal is affirmed.

REED, C.J., and PETRICH, J., concur.