[No. 7593–8–II.   Division Two.   August 22, 1986.]

CINDY PATRICK, *Respondent*, v. KATHLEEN DEYOUNG, ET AL, *Petitioners*.

*Donald W. Winskill,* for petitioners.

*Robert M. Quillian,* for respondent.

ALEXANDER, J.—The DeYoungs sought discretionary review of the Thurston County Superior Court's denial of their motion to dismiss, and we granted review. We reverse.

Cindy Patrick filed a complaint in Thurston County Superior Court on July 7, 1982, naming Kathleen DeYoung and Bette DeYoung, among others, as defendants. She alleged in her complaint that on July 8, 1979 she had been a passenger in an automobile that was driven by Kathleen DeYoung and owned by Bette DeYoung, Kathleen's mother. Patrick claimed that on that occasion she was injured and suffered damages as a result of Kathleen DeYoung's negligent driving.

On October 5, 1982, Patrick made a motion for an extension of time within which to obtain service of process on the defendants. The motion was supported by an affidavit of Patrick's counsel in which he stated that he had made numerous attempts to serve the defendants, but had been unable to "locate them or to obtain service upon them. . . ." A Thurston County Superior Court judge, finding "good cause," extended the period of time for service on the defendants by 60 days, apparently relying on CR 6(b).

Bette DeYoung was served with a summons and complaint at her residence in Olympia on December 4, 1982. On December 6, 1982, Patrick moved for a second 60–day extension within which to serve Kathleen DeYoung. Patrick's attorney indicated in an affidavit submitted in support of the extension that when service was made on Bette DeYoung, the attorney learned that Kathleen DeYoung was residing somewhere in Hawaii. The requested extension was granted by another Thurston County Superior Court judge who also found "good cause."

Service of process was not effected on Kathleen DeYoung within the next 60 days. On February 7, 1983, Patrick moved for a third extension. This time her attorney's supporting affidavit contained a statement that he had made "diligent efforts to locate and serve Kathleen DeYoung in Hawaii, with no success. . . ." He indicated further that he believed that Kathleen DeYoung was aware of the lawsuit and was "purposely trying to avoid service . . ." A third superior court judge granted a 60–day extension of time for service of process.

Finally, Patrick's attorney made a motion for permission to serve Kathleen DeYoung by publication. A superior court judge entered an order authorizing service by publication on August 18, 1983.[1]

On May 10, 1983, the DeYoungs filed a motion to dismiss Patrick's complaint. The motion, made pursuant to CR 12(b)(1), (2), (4) and (5),[2] was based primarily on their assertion that they had not been served with process within the period of the applicable statute of limitations. Bette DeYoung submitted her affidavit in support of the motion

---

[1] All of Patrick's motions up to this point were ex parte applications.

[2] CR 12(b) reads in part, as follows:

"**How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, . . . (4) insufficiency of process, (5) insufficiency of service of process, . . ."

in which she recited that during the pendency of the action she had lived in Olympia, and that during this time her name, address, and telephone number was listed in the Olympia telephone directory. Kathleen DeYoung also submitted an affidavit indicating that she had lived in Hawaii only from March 26, 1982 to May 20, 1982. She claimed that from May 1982 to October 1, 1982, she had lived with her mother in Olympia and that her telephone number was listed during this period in the Olympia telephone directory. She also claimed that from October 1, 1982, to January 7, 1983, she had lived in Lacey, Washington and that her address and telephone number were "listed with the telephone company."

The motion to dismiss was denied. The motion judge reasoned that because Bette DeYoung was served with process within the first time extension, which had been granted for "good cause," the service upon her was valid. The court found further that Kathleen DeYoung had "by leaving the state of Washington and/or by her actions while in the state of Washington after December 4, 1982, willfully attempted to avoid service of process upon her" and that the statute of limitations was, therefore, tolled as to Kathleen DeYoung.

The primary issue is whether the trial court erred in denying the DeYoungs' motion to dismiss and their subsequent motion for reconsideration. The DeYoungs argue that they were not served[3] within the period of the applicable statute of limitations and that the trial court, therefore, did not obtain jurisdiction over them.

The time within which actions for injury to persons may be commenced is 3 years. RCW 4.16.080(2). Cindy Patrick, therefore, had 3 years from the date of the accident, July 8, 1979, within which to commence this lawsuit.

Patrick filed her complaint on July 7, 1982, within the period of the statute of limitations. However, the filing of a

---

[3]The record before us contains no documentation that Kathleen DeYoung was ever served personally with process. Neither does it reflect service by publication.

complaint alone only tentatively commences the action. *Fox v. Groff,* 16 Wn. App. 893, 559 P.2d 1376 (1977). The action shall not be deemed fully commenced for purposes of tolling a statute of limitations except as provided in RCW 4.16.170.[4] CR 3. In order to complete the commencement of the action as to any defendant, the plaintiff must serve that defendant personally or by publication within 90 days from the date of the filing of the complaint. RCW 4.16.170. *Fox,* 16 Wn. App. at 895.

Thus, Patrick had 90 days from July 7 (*i.e.,* until October 5, 1982) to serve the DeYoungs and thereby complete the commencement of her action against them. Patrick did not obtain service on the DeYoungs by October 5. Instead, on that date her attorney moved to extend the time for service.

While Patrick concedes that service was not obtained on the DeYoungs within 90 days of filing the complaint, she argues that the statute of limitations was properly extended by the trial court for "good cause" and/or tolled by the actions of the DeYoungs. We will address each of these contentions.

# I
## EXTENSION OF STATUTE OF LIMITATIONS BY COURT RULE

■ The Superior Court had no authority to extend the statute of limitations for "good cause" pursuant to CR 6(b).[5] The civil rules are "procedural rules applicable only

---

[4]RCW 4.16.170 provides in part:

"For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. . . ."

[5]CR 6(b) provides:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion, (1) with or without motion or

*after* the commencement of any action." *Tarabochia v. Gig Harbor,* 28 Wn. App. 119, 123, 622 P.2d 1283 (1981). Patrick has cited no authority, and we are aware of none, that stands for the proposition that a statute of limitations may be extended by a court for "good cause" pursuant to court rule. If we were to permit the trial court to extend the statute of limitations at its discretion, we would be permitting it to trespass into the legislative arena. What constitutes a reasonable time within which obligations may be enforced in court is a question for the Legislature. *Pacific Northwest Bell Tel. Co. v. Department of Rev.,* 78 Wn.2d 961, 481 P.2d 556 (1971).

Thus, absent any tolling of the statute of limitations, the service made on the DeYoungs after October 5, 1982 was invalid because it was effected after the statute of limitations had expired. *See Painter v. Olney,* 37 Wn. App. 424, 427, 680 P.2d 1066 ("First and basic to jurisdiction is service of process."), *review denied,* 102 Wn.2d 1002 (1984).

## II
### Tolling of the Statute of Limitations

Patrick argues that the statute of limitations was tolled as to the DeYoungs under the provisions of RCW 4.16.180. We disagree.

Pursuant to RCW 4.16.180, the running of a statute of limitations may be tolled during periods in which a resident defendant is absent from this state or has concealed herself within the state. RCW 4.16.180 provides:

> If the cause of action shall accrue against any person who is a nonresident of this state, or who is a resident of this state and shall be out of the state, or concealed therein, such action may be commenced within the terms herein respectively limited after the coming, or return of such person into this state, or after the end of such concealment; and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself, the time of his absence or

notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or, . . ."

concealment shall not be deemed or taken as any part of the time limit for the commencement of such action.

■ The question of whether or not a defendant has concealed herself so as to evade process is a factual question. *Bethel v. Sturmer*, 3 Wn. App. 862, 866, 479 P.2d 131 (1970). A clandestine or secret removal from a known address appears necessary for concealment under the statute. *Bethel*, 3 Wn. App. at 867. Where the record shows no evidence of evasion of process, the case should be dismissed with prejudice if service was not had within the statute of limitations. *Bethel*, 3 Wn. App. at 867–68.

In order for absence from the state to stop the running of a statute of limitations, the absence must be such that process cannot be served on the party so as to make possible a personal judgment against that party. *Bethel*, 3 Wn. App. at 866–67.

### A. Bette DeYoung

Patrick has not even suggested that Bette DeYoung was out of state or that she concealed herself within Washington. In fact, the record lacks any evidence of absence or concealment to support an argument that the statute of limitations should be tolled against Bette DeYoung pursuant to RCW 4.16.180. Because she was not served prior to the expiration of the statute of limitations, the action against her must be dismissed.

### B. Kathleen DeYoung
#### 1. *Concealment Within the State*

Although the trial court found that Kathleen DeYoung had attempted to avoid process *"after December 4, 1982,"* these actions occurred *after* the first (improper) extension of time for service and *after* the 3–year statute of limitations had expired. Because the motion judge did not find that Kathleen DeYoung concealed herself within this state before the statute of limitations had run, the statute of limitations was not tolled by the concealment provisions of RCW 4.16.180.

## 2. *Absence from the State*

■ The motion judge found that Kathleen DeYoung was absent from the state for a period of time. Even if we assume that her absence from the state of Washington occurred before October 5, 1982, the tolling provisions of RCW 4.16.180 do not apply when a defendant may be served pursuant to RCW 46.64.040. In automobile accident cases, the Secretary of State becomes the appointed agent for service of process on a resident who has departed from this state. RCW 46.64.040.[6] There is no tolling of the statute of limitations under RCW 4.16.180 if the defendant can be served pursuant to RCW 46.64.040. *Smith v. Forty Million, Inc.*, 64 Wn.2d 912, 915, 395 P.2d 201 (1964); *Fox v. Groff*, 16 Wn. App. 893, 896, 559 P.2d 1376 (1977). If a plaintiff fails to comply with RCW 46.64.040, when the statute applies, service made after the running of the statute of limitations is ineffective and the trial court obtains no jurisdiction over the defendants. *Muncie v. Westcraft Corp.*, 58 Wn.2d 36, 38, 360 P.2d 744 (1961).

Because there is no evidence that Patrick's attorney ever attempted service on Kathleen DeYoung under RCW 46.64.040,[7] the action against her must also be dismissed with prejudice.

The trial court order denying the DeYoungs' motion for dismissal is reversed, and the matter is remanded for entry

---

[6]RCW 46.64.040 provides in part: "each resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision or liability and thereafter within three years departs from this state appoints the secretary of state of the state of Washington as his lawful attorney for service of summons as provided in this section for nonresidents."

[7]If Patrick was unaware that Kathleen was in Hawaii *before* the statute of limitations expired, then arguably Patrick would not have been alerted to comply with the service of process requirements of RCW 46.64.040. However, even if Patrick was unaware of Kathleen DeYoung's whereabouts and had no reason to believe that she had left the state, Patrick could have attempted service by publication on her pursuant to RCW 4.28.100(2). Under that statute, a plaintiff may effect service by publication on a state resident who has departed the state or concealed herself within the state to avoid service of process.

of an order dismissing the action against them with prejudice.

WORSWICK, C.J., and REED, J., concur.

Reconsideration denied September 24, 1986.

Review denied by Supreme Court January 6, 1987.