[No. 11864–5–II.   Division Two.   August 14, 1990.]

ALBERTA DOUCHETTE, *Respondent,* v. BETHEL SCHOOL DISTRICT NO. 403, ET AL, *Petitioners.*

*James R. Verellen* and *Vandeberg & Johnson,* for petitioners.

*Robert A. Izzo,* for respondent.

PETRICH, J.—This court granted discretionary review of the trial court's denial of a motion for summary judgment of dismissal of Alberta Douchette's various claims against the Bethel School District and its officers for wrongful discharge from employment. The District and its officers contend that the claims are time barred and should have been dismissed. We agree.

Douchette, born March 28, 1918, worked for the District from 1972 to January 1983. During the later period of her employment, she was an accounting supervisor. She did not have a written contract of employment and her position as an accounting supervisor was not covered by a collective bargaining agreement.

After suffering some health problems, Douchette did not work beyond January 31, 1983. She had no accumulated sick leave or vacation days. She received her last regular paycheck on January 31, 1983. On February 16, the School District received Douchette's letter of resignation, specifying March 15, 1983, as its effective date. On February 22, 1983, the School District's board accepted her resignation "effective" March 15, 1983.

On March 17, 1986, Douchette filed her summons and complaint in superior court, followed by service of process on the District and its officers. The complaint alleged that intolerable conditions which the District and its officers deliberately imposed upon her because of her age induced her to resign, thus amounting to a constructive discharge from her employment prohibited by the laws against discrimination because of age.

The complaint conceivably embraces the following claims:

1. Age discrimination in violation of chapter 49.60 Revised Code of Washington and/or the federal Age Discrimination Employment Act, 29 USC § 621 *et. seq*
2. Civil rights violation based on age discrimination (42 USC § 1983)
3. Wrongful discharge in contravention of a clear mandate of public policy; and
4. Tort of outrage based on alleged acts of discrimination.

The problem with which we are faced is not so much the determination of the appropriate limitation period, since in any event the maximum period is 3 years.[1] Rather, the question we must address is when the various claims

---

[1]Claims under chapter 49.60 of the Revised Code of Washington (Law Against Discrimination) must be brought within the 3–year period of RCW 4.16.080. *Lewis v. Lockheed Shipbuilding & Constr. Co.,* 36 Wn. App. 607, 613, 676 P.2d 545 (1984); claims under the federal Age Discrimination Employment Act must be commenced within 2 years of accrual except that claims based on willful violation may be commenced within 3 years of accrual. 29 U.S.C. § 626(e), 29 U.S.C. § 255; the 3–year statute of limitations applies to "Section 1983" (42 U.S.C. § 1983) claims in Washington. *Rose v. Rinaldi,* 654 F.2d 546, 547 (9th Cir. 1981). Assuming a constructive discharge because of age discrimination can constitute a wrongful discharge, such a claim would be a tort action subject to the 3–year limitation in RCW 4.16.080; the tort of outrage is subject to the 2–year statute of limitations.

accrued; whether any day or days are excluded from the computation because the final day falls on a Saturday; and whether the time period can be extended.

■ In reviewing a summary judgment, this court performs the same review as the trial court. *Herron v. KING Broadcasting Co.,* 112 Wn.2d 762, 776 P.2d 98 (1989). Summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); *Hontz v. State,* 105 Wn.2d 302, 311, 714 P.2d 1176 (1986). All inferences shall be viewed in the light most favorable to the nonmoving party. *Hontz,* 105 Wn.2d at 311.

The School District and its officers argue that a claim for wrongful discharge in violation of the federal antidiscrimination law accrues the date the adverse decision was made and communicated to the employee and that continuity of employment, without more, does not prolong the life of the cause of action. *Delaware State College v. Ricks,* 449 U.S. 250, 257, 66 L. Ed. 2d 431, 101 St. Ct. 498 (1980). Under this principle, which would apply equally to a claim based on the state antidiscrimination law, they argue that the claim accrued January 31, 1983, when Douchette no longer worked for the District or in any event, no later than February 16, 1983, when her letter of resignation was received by the District. In either event, the alleged act of discrimination had occurred before either of these dates, and her claim then accrued no later than February 16 and was thus barred.

Douchette does not dispute that her statutory claims for wrongful discharge for employment discrimination accrued more than 3 years before she filed her lawsuit and, thus, would be barred by the statute of limitations absent any

*Rayburn v. Seattle,* 42 Wn. App. 163, 709 P.2d 399 (1985), *review denied,* 105 Wn.2d 1007 (1986).

principle requiring tolling of the limitation period. However, citing *Thompson v. St. Regis Paper Co.,* 102 Wn.2d 219, 233, 685 P.2d 1081 (1984), she contends that her claims include one for the common law tort of wrongful discharge (in this case a constructive discharge) because she was discharged for a reason that contravenes a clear mandate of public policy, namely, age discrimination. Therefore, she argues, her claim for a constructive discharge based on discrimination did not accrue when the claimed discriminatory acts occurred, since the discharge must occur before her claim accrues. Here, she contends the discharge occurred on the effective date of her resignation, March 15; 1983.

■ This identical argument was rejected by another court in *Lowell v. Glidden–Durkee, Div. of SCM Corp.,* 529 F. Supp. 17 (N.D. Ill. 1981). There, the court rejected the employee's contention that the effective date of her resignation was the crucial date in determining when her claim for constructive discharge for unlawful practices occurred. The court instead focused on the last possible date on which the unlawful employment practice occurred and concluded that such acts necessarily occurred before the employee gave notice of her resignation. We find the reasoning of the court in *Lowell* persuasive and conclude that Douchette's common law tort claim for constructive wrongful discharge had occurred no later than February 15 when she notified the School District that she was terminating her employment.

Even if we were to accept Douchette's claim that her wrongful discharge occurred March 15, 1983, the claimed "effective date" of her resignation, more than 3 years had passed prior to initiating her lawsuit.

■ The time within which an act is to be done is computed by excluding the first day, and including the last, unless the last day falls on a holiday or Sunday, in which event it is also excluded. RCW 1.12.040. When a statutory deadline falls on a Saturday, it is not excluded in computing the time. *Dando v. West Wind Corp.,* 67 Wn.2d 104,

406 P.2d 927 (1965). March 15, 1986, fell on a Saturday and therefore is included in the computation of the limitation period.

■ Contrary to Douchette's assertion, CR 6(a)[2] does not exclude Saturday in the computation of time within which action must be commenced. Court rules have no application before commencement of an action. *Tarabochia v. Gig Harbor,* 28 Wn. App. 119, 123, 622 P.2d 1283 (1981). A court rule allowing for the extension of time within which an act is required cannot be employed so as to extend the statute of limitations since what constitutes a reasonable time within which obligations may be enforced in court is a question for the Legislature. *Patrick v. DeYoung,* 45 Wn. App. 103, 107, 724 P.2d 1064 (1986), *review denied,* 107 Wn.2d 1023 (1987).

Douchette argues that the statute of limitations ought to be tolled based on equitable considerations, citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 71 L. Ed. 2d 234, 102 S. Ct. 1127 (1982), *Bonham v. Dresser Indus., Inc.,* 569 F.2d 187 (3d Cir. 1977), *cert. denied,* 439 U.S. 821 (1978), and *Perazzo v. Top Value Enters., Inc.,* 590 F. Supp. 428 (S.D. Ohio 1984). Douchette's reliance on these cases is misplaced. These cases dealt with the equitable tolling of the restrictive time requirements of filing claims with the Equal Employment Opportunity Commission *as a prerequisite for filing a civil lawsuit.* They did not extend the statutory time limit of the statute of limitations for the

---

[2]CR 6(2)(a) states:

"**Computation.** In computing any period of time prescribed or allowed by these rules, by the local rules of any superior court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, a Sunday nor a legal holiday. Legal holidays are prescribed in RCW 1.16-.050. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation."

lawsuit itself. Furthermore, the record reflects that Douchette did indeed file a charge against the District for discrimination based on age on August 5, 1983, well within the time limits specified by federal law.

■ Finally, Douchette argues that the discovery rule should extend the time for initiating her cause of action because she was unaware that she had a legal cause of action for the tort of outrage based on discrimination because of her age. The rationale for applying the discovery rule in any negligence case is to strike a balance between the "preservation of limitations on the time in which the action may be brought and a preservation of the remedy, too, where both parties are blameless as to delay in discovery of the asserted wrong." *Ruth v. Dight*, 75 Wn.2d 660, 666–67, 453 P.2d 631 (1969). The discovery rule is applied in some tort cases where the plaintiff could only have known all the essential elements of his or her cause of action at some time after the actual occurrence of the alleged tort. *Gevaart v. Metco Constr., Inc.*, 111 Wn.2d 499, 760 P.2d 348 (1988).

However, in this case the record shows that Douchette was aware of the factual elements of her age discrimination case at least at the time she filed her complaint with the EEOC in August 1983—well within the statutory limitation period of any of her claims. When the factual elements of the claim are known within the limitation period, the discovery rule does not apply so as to extend the time for commencement of the suit. *Gevaart*, at 502. The lack of knowledge of legal theories, as opposed to a lack of knowledge of facts, is not a proper basis for the application of the discovery rule to extend the statute of limitations. *Reichelt v. Johns–Manville Corp.*, 107 Wn.2d 761, 733 P.2d 530 (1987). Since Douchette was aware of the factual elements well within the limitation period, the discovery rule does not apply so as to extend the time for filing her claim.

Reversed and remanded with instructions to dismiss the complaint.

ALEXANDER, C.J., and WORSWICK, J., concur.

Review granted at 115 Wn.2d 1027 (1990).