[No. 15197-9-II.    Division Two.    July 21, 1993.]

WILLIAM FISHER, *Respondent*, v. THE CITY OF TACOMA, *Petitioner.*

---

636

William Barker, City Attorney, and Kyle J. Crews, Assistant, for petitioner.

Martin J.H. Duenhoelter, for respondent.

DORAN, J.[*] — In this personal injury action, the City of Tacoma moved to dismiss the complaint, arguing the action was barred by the statute of limitations. The trial court denied the City's motion. Pursuant to RAP 2.3, this court granted discretionary review, and we now reverse.

On December 10, 1985, while operating a motor vehicle, William Fisher collided with another vehicle. On July 31, 1986, Fisher filed a complaint for personal injuries against the City of Tacoma, alleging a defective intersection design and a defective signal light were the cause of the accident. A copy of the summons and complaint was not served upon the City until December 12, 1988.

In order to comply with the applicable 3-year statute of limitations, Fisher was required to commence this action within 3 years of the date of the accident. RCW 4.16.080(2). Since the accident occurred on December 10, 1985, the City argues Fisher was required to institute the action by December 10, 1988, and thus, Fisher's failure to serve the sum-

---

[*] Judge Robert J. Doran is serving as a judge pro tempore of the Court of Appeals pursuant to CAR 21(c).

mons and complaint until December 12, 1988, was fatal to this action.

In response, Fisher simply argues that 3 years from the date of December 10, 1985, falls on December 11, 1988, which was a Sunday, and thus, he reasons, his filing on December 12, 1988, was timely. Fisher's argument is without merit.

RCW 1.12.040 provides:

> The time within which an act is to be done, as herein provided, shall be computed by excluding the first day, and including the last, unless the last day is a holiday or Sunday, and then it is also excluded.

Accordingly, to properly compute 3 years from the date of December 10, 1985, one is to exclude that date and include the last. The City correctly argues the last day for service within the statutory period would have been on Saturday, December 10, 1988.

As an alternative theory, Fisher argues the trial court properly denied the City's motion when it applied CR 6(a) rather than RCW 1.12.040. CR 6(a) provides, in pertinent part:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any superior court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, *unless it is a Saturday,* a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, a Sunday nor a legal holiday.

(Italics ours.)

■ The City concedes that generally where there is an inconsistency between a procedural rule promulgated by the Supreme Court and a statutory procedural rule, the court rule controls. *Nearing v. Golden State Foods Corp.,* 114 Wn.2d 817, 821, 792 P.2d 500 (1990). Nevertheless, the City correctly notes that the civil rules are applicable "only *after* the commencement of any action." *Tarabochia v. Gig Harbor,* 28 Wn. App. 119, 123, 622 P.2d 1283 (1981); *see also Olson v. Civil*

*Serv. Comm'n*, 43 Wn. App. 812, 719 P.2d 1343 (1986). Specifically, this court has held that a statute of limitations runs on a Saturday pursuant to RCW 1.12.040, where the action has not been commenced. *Douchette v. Bethel Sch. Dist. 403*, 58 Wn. App. 824, 829, 795 P.2d 162 (1990), *aff'd on other grounds*, 117 Wn.2d 805, 818 P.2d 1362 (1991).[1]

In *Douchette*, this court held:

> CR 6(a) does not exclude Saturday in the computation of time within which action must be commenced. Court rules have no application before commencement of an action. *Tarabochia v. Gig Harbor*, 28 Wn. App. 119, 123, 622 P.2d 1283 (1981). A court rule allowing for the extension of time within which an act is required cannot be employed so as to extend the statute of limitations since what constitutes a reasonable time within which obligations may be enforced in court is a question for the Legislature.

(Footnote omitted.) *Douchette*, 58 Wn. App. at 829.

Fisher attempts to distinguish *Douchette*. In that case, the plaintiff made no effort to commence the action prior to the running of the statute of limitations. In the case at hand, Fisher filed his complaint on July 31, 1986, nearly 1½ years prior to the expiration of the statute of limitations.

■ Fisher argues that this action was commenced on July 31, 1986, when he first filed his complaint. We disagree. RCW 4.16.170 defines when an action is commenced for the purpose of tolling the statute of limitations. That statute provides:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. *If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally*, or commence service by publication *within* ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, *or following filing, service is not so*

---

[1] At the time of the trial court's ruling in the case at hand, the Washington Supreme Court had granted a petition for review of this division's opinion in *Douchette v. Bethel Sch. Dist. 403, supra*, but no decision had yet been published.

*made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.*

(Italics ours.) RCW 4.16.170. Since Fisher failed to serve the summons and complaint within 90 days of the filing date, "the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations." RCW 4.16-.170.

Without directly responding to this statute, Fisher argues that pursuant to CR 3(a), a civil action is commenced by simply filing a complaint. This argument, however, ignores the additional provisions of CR 3(a): "An action shall not be deemed commenced for the purpose of tolling any statute of limitations except as provided in RCW 4.16.170."[2]

Finally, Fisher cites RCW 4.28.020 as statutory authority for the proposition that an action is commenced simply by filing a complaint. RCW 4.28.020 provides:

> From the time of the commencement of the action by service of summons, or by the filing of a complaint, or as otherwise provided, the court is deemed to have acquired jurisdiction and to have control of all subsequent proceedings.

Nevertheless, this statute merely confers jurisdiction upon the courts, and may not be read without regard for RCW 4.16.170, which contains the legislative definition of when an action is commenced for the purpose of tolling a statute of limitations.[3]

■ Our determination in the case at hand affords the Legislature appropriate deference in prescribing the statutes of limitations. This deference was explained in both *Douchette*

---

[2]In *Patrick v. DeYoung,* 45 Wn. App. 103, 724 P.2d 1064 (1986), *review denied,* 107 Wn.2d 1023 (1987), *overruled on other grounds in Sidis v. Brodie/Dohrmann, Inc.,* 117 Wn.2d 325, 815 P.2d 781 (1991), this court held that "the filing of a complaint alone only tentatively commences the action. The action shall not be deemed fully commenced for purposes of tolling a statute of limitations except as provided in RCW 4.16.170. CR 3." (Footnote and citation omitted.) *Patrick v. DeYoung,* 45 Wn. App. at 106-07.

[3]The case of *Hansen v. Watson,* 16 Wn. App. 891, 559 P.2d 1375, *review denied,* 88 Wn.2d 1018 (1977), cited by Fisher, is clearly distinguishable. In that case both the filing and service were accomplished before the statutory period of limitations had expired.

and *Patrick v. DeYoung,* 45 Wn. App. 103, 107, 724 P.2d 1064 (1986), *review denied,* 107 Wn.2d 1023 (1987), *overruled on other grounds in Sidis v. Brodie/Dohrmann, Inc.,* 117 Wn.2d 325, 815 P.2d 781 (1991). In *Patrick,* this court held:

Patrick has cited no authority, and we are aware of none, that stands for the proposition that a statute of limitations may be extended by a court for "good cause" pursuant to court rule. If we were to permit the trial court to extend the statute of limitations at its discretion, we would be permitting it to trespass into the legislative arena. What constitutes a reasonable time within which obligations may be enforced in court is a question for the Legislature.

*Patrick,* 45 Wn. App. at 108.

In the case at hand, Fisher failed to commence this action within the applicable 3-year statute of limitations.

Reversed.

ALEXANDER, C.J., and SKIMAS, J. Pro Tem., concur.