[No. 60990-0.   En Banc.   September 1, 1994.]

STIKES WOODS NEIGHBORHOOD ASSOCIATION, ET AL, *Appellants*, v. THE CITY OF LACEY, ET AL, *Respondents*.

*Connolly, Holm, Tacon & Meserve,* by *Allen T. Miller, Jr.,* for appellants.

*Kenneth R. Ahlf, City Attorney,* for respondents.

GUY, J. — Appellants (collectively referred to as Stikes Woods) appeal the decision of the Thurston County Superior Court to deny as untimely its application for a writ of review. Stikes Woods argues it filed the application on time under CR 6(a).[1] The Superior Court dismissed the applica-

---

[1]CR 6(a) provides:

"In computing any period of time prescribed or allowed by these rules, by the local rules of any superior court, by order of court, or by any applicable statute,

tion as untimely under RCW 1.12.040.[2] We reverse and reinstate Stikes Woods' application for a writ of review.

## FACTS

On July 8, 1993, the Lacey City Council discussed the preliminary plat for Ruddell Park, a 29-lot subdivision for single-family homes located south of Yorkshire Estates and Wonderwood Park. The City of Lacey's (Lacey) Environmental Impact Review Committee had previously given the subdivision a determination of nonsignificance under the State Environmental Policy Act of 1971.

At the city council meeting, Stikes Woods appealed the determination of nonsignificance, arguing that the subdivision would unreasonably increase traffic on Ruddell Loop and create problems with storm water runoff. The City Council upheld the determination and approved the preliminary plat for Ruddell Park. On August 9, 1993 — a Monday and 32 days later — Stikes Woods applied for a writ of review in Thurston County Superior Court. Under RCW 58.17.180 and RCW 43.21C.075(5)(a), Stikes Woods had 30 days to appeal the City Council's decision. The 30th day fell on August 7, 1993 — a Saturday.

Lacey moved to deny Stikes Woods' application for the writ, arguing the writ was untimely. The Superior Court denied Lacey's motion and on September 7, 1993, issued the Writ of Review. Lacey timely filed a motion for reconsideration of the court's ruling, citing RCW 1.12.040. On September 20, 1993, the Superior Court granted the motion, finding the 30-day limitations period had run on Stikes Woods' application. The court quashed the Writ of Review. We accepted direct review.

---

the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, a Sunday nor a legal holiday. Legal holidays are prescribed in RCW 1.16.050. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation."

[2]RCW 1.12.040 provides:

"The time within which an act is to be done, as herein provided, shall be computed by excluding the first day, and including the last, unless the last day is a holiday or Sunday, and then it is also excluded."

## ISSUE

The issue presented by this case is whether final Saturdays should be excluded in computing statutes of limitations periods. In other words, this case determines whether a claimant must file on the preceding Friday or the following Monday when a limitations period expires on a Saturday.

## BACKGROUND

The Legislature first adopted RCW 1.12.040 in 1854 and has not revised it since 1887. Then, the usual workweek was 6 days long. Saturday was a day of commerce — banks, attorney offices, state offices, and courts were open for business. RCW 1.12.040 reflects this custom.

World War II ushered in the 5-day workweek. In 1955, the Legislature authorized state offices to close on Saturdays. RCW 42.04.060. In 1971, the Legislature recognized Saturday as a day off for the judiciary but never amended RCW 1.12.040 to reflect this change. RCW 2.04.030.

On May 5, 1967, this court adopted the Superior Court Civil Rules, effective July 1, 1967. CR 6(a) excluded the final Saturday (as well as the Sunday and holidays excluded by RCW 1.12.040) from computation of statutory limitations periods.

In four cases,[3] Division Two of the Court of Appeals determined that the civil rules generally, and CR 6(a) specifically, have no effect prior to the commencement of an action. The first of the four cases is *Tarabochia v. Gig Harbor*, 28 Wn. App. 119, 622 P.2d 1283 (1981). In its decision to include the final Saturday in time computation, the *Tarabochia* court followed *Joint Coun. Dining Car Employees Local 370 v. Delaware, L.&W.R.R.*, 157 F.2d 417 (2d Cir. 1946). There the Second Circuit argued:

> Rule 6(a) is a rule of procedure relating to acts done or proceedings had *after the commencement of action* and to any stat-

---

[3]*Tarabochia v. Gig Harbor*, 28 Wn. App. 119, 622 P.2d 1283 (1981); *Patrick v. DeYoung*, 45 Wn. App. 103, 724 P.2d 1064 (1986), *review denied*, 107 Wn.2d 1023 (1987), *disapproved on other grounds by Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 815 P.2d 781 (1991); *Douchette v. Bethel Sch. Dist. 403*, 58 Wn. App. 824, 795 P.2d 162 (1990); *Fisher v. Tacoma*, 70 Wn. App. 635, 855 P.2d 299 (1993).

utes expressly applicable to such proceedings. It is not intended to modify and change existing statutes of limitation. 1 Moore's Federal Practice 408 . . ..

(Citations omitted. Italics ours.) *Joint Council*, 157 F.2d at 420.

Because plaintiffs cannot file complaints on Saturdays, strict adherence to the 1887 statute and the *Tarabochia* line of cases, while supportable, creates a "trap for the unwary". Further, the logic of *Joint Council* is no longer followed in the majority of federal jurisdictions. Once plaintiffs are in superior court, Washington follows CR 6. Thus, only when plaintiffs *file* their complaints is Saturday counted as the last day of a statutory period. The time is ripe for resolution of this incongruity and reconciliation of state and federal practice in this area.

## ANALYSIS

■ It is a well-accepted premise that "[l]itigants and potential litigants are entitled to know that a matter as basic as time computation will be carried out in an easy, clear, and consistent manner, thereby eliminating traps for the unwary who seek to assert or defend their rights." *McMillon v. Budget Plan*, 510 F. Supp. 17, 19 (E.D. Va. 1980).

The confusion as to whether Saturdays will be excluded when computing the expiration of a statute of limitations contradicts this fundamental rule. A remedy may be accomplished by concluding CR 6(a) supersedes RCW 1.12.040; by reinterpreting RCW 1.12.040 to so exclude; or by harmonizing CR 6(a) and RCW 1.12.040. We hold that claimants faced with this filing dilemma — expiration of a limitations period on a Saturday — may file on the following Monday because CR 6(a) supersedes RCW 1.12.040, thereby excluding the final Saturday from computation.

■ We begin our analysis by addressing the holding of *Joint Council*. First, the *Joint Council* opinion's comments on Fed. R. Civ. P. 6(a) were not dispositive of the issue and were thus dicta.

Second, support for *Joint Council* has eroded substantially over time. Most federal circuits now hold that Fed. R.

Civ. P. 6(a) does apply to statutes of limitations. *In re Swine Flu Immunization Prods. Liab. Litig.*, 880 F.2d 1439 (D.C. Cir. 1989); *Kane v. Douglas, Elliman, Hollyday & Ives*, 635 F.2d 141 (2d Cir. 1980); *Frey v. Woodard*, 748 F.2d 173 (3d Cir. 1984); *Wirtz v. Peninsula Shipbuilders Ass'n*, 382 F.2d 237 (4th Cir. 1967); *Quave v. Progress Marine*, 912 F.2d 798 (5th Cir. 1990); *Tribue v. United States*, 826 F.2d 633 (7th Cir. 1987); *Cooper v. Ashland*, 871 F.2d 104 (9th Cir. 1989); *Hart v. United States*, 817 F.2d 78 (9th Cir. 1987); *Maahs v. United States*, 840 F.2d 863 (11th Cir. 1988). A majority of state courts follow their example. *Salzman v. Morentin*, 116 Ariz. 79, 567 P.2d 1208 (1977); *Dutton v. McKinley Cy. Bd. of Comm'rs*, 113 N.M. 51, 822 P.2d 1134 (Ct. App. 1991).

Third, recent scholarly commentary provides criticism for the argument sustained by the *Joint Council* rule. Wright and Miller note:

> The thrust of this argument is that the computation provision in Rule 6(a) applies only to the measurement of time periods pertaining to facets of previously commenced litigation and have no relevance to the computation of the timeliness of the commencement itself. *The argument seems somewhat metaphysical* and, even if accepted, leaves open the question whether Rule 6(a) should not be drawn upon by the federal courts as a guideline for measuring federal limitations periods.

(Footnote omitted. Italics ours.) 4A Charles A. Wright & Arthur R. Miller, *Federal Practice* § 1163, at 463 (2d ed. 1987).

Next, we examine the Court of Appeals' rationale in following *Joint Council* in the *Tarabochia* line of cases. That court expressed two concerns preventing Saturday exclusion: first, that by extending the date of filing from Saturday to Monday, the court improperly grants itself subject matter jurisdiction; and second, by increasing the time in which plaintiffs may file a complaint, the court impermissibly enters the legislative arena. *Tarabochia*, 28 Wn. App. at 123; *Patrick v. DeYoung*, 45 Wn. App. 103, 108, 724 P.2d 1064 (1986), *review denied*, 107 Wn.2d 1023 (1987), *disapproved on other grounds by Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 815 P.2d 781 (1991); *Fisher v. Tacoma*, 70 Wn. App. 635, 639, 855 P.2d 299 (1993).

■ In response to the first concern, we note that federal courts have developed the "jurisdiction to decide jurisdiction" rule, giving courts the inherent jurisdiction to construe jurisdictional statutes. *In re Swine Flu Immunization Prods. Liab. Litig., supra* at 1445; *United Mine Workers v. Dole*, 870 F.2d 662, 665 (D.C. Cir. 1989). This court also has jurisdiction to determine the procedures which govern its own jurisdiction. RCW 2.04.190. Additionally, *any* decision the court makes on this issue will affect its subject matter jurisdiction (shortening *or* lengthening the period will have the same effect in jurisdictional terms).

As to the Court of Appeals' second concern, this court's action does not encroach upon legislative powers. In acting to interpret the statute and the rule, the court is effecting the legislative purpose and intent behind RCW 1.12.040; that is, to provide the greatest degree of fairness to claimants by allowing for filing on the next business day when the period of limitations expires on a day of court closure. The Supreme Court is authorized by RCW 1.12.010[4] to liberally construe the provisions of the code.

When the Legislature first enacted RCW 1.12.040, Sundays and holidays were the only days courts were closed. Now, because the Legislature has acted to close courts on Saturdays, common sense suggests the Legislature's intention.

■ Many civil rules affect litigant behavior prior to the formal commencement of an action. These areas of influence can be characterized as fundamentally procedural. In acting as we are, the court has determined a rule of statutory construction, not of enlargement or modification of statutory periods of limitations. C. Wright & A. Miller, at 468 (citing *United States v. Cia Luz Stearica*, 181 F.2d 695 (9th Cir. 1950); *Wilson v. Southern Ry. Co.*, 147 F.2d 165 (5th Cir. 1945)). Although there are both procedural and substantive facets of statutes of limitations, the court's computation is purely procedural. Insofar as CR 6(a) affects procedural

---

[4]RCW 1.12.010 provides:

"The provisions of this code shall be liberally construed, and shall not be limited by any rule of strict construction."

aspects of statutes of limitations, it supersedes RCW 1.12.040. RAP 18.22[5] expressly provides for this.

Appellant suggests we eliminate the trap by redefining the term "holiday" to encompass Saturdays as well as the legal holidays listed in RCW 1.16.050. We decline to do so, leaving that definitional decision to the Legislature.

Appellant argues alternatively that the court should harmonize RCW 1.12.040 and CR 6(a) by interpreting CR 6(a) to supplement the statute, adding the Saturday exclusion to its time computation methodology because "[a]pparent conflicts between a court rule and a statutory provision should be harmonized and both given effect, if possible." *State v. Thomas*, 121 Wn.2d 504, 511, 851 P.2d 673 (1993); *see also Jones v. Stebbins*, 122 Wn.2d 471, 478, 860 P.2d 1009 (1993). Where supercession is demanded, harmonization cannot be allowed.

## CONCLUSION

Washington today breaks with the law first established by the Court of Appeals in *Tarabochia* by recognizing that the Supreme Court has the authority to decide its procedural jurisdiction and that the Legislature authorizes the court to apply its authority in a manner consistent with statutory purpose and intent. Having found that statutes of limitations are both substantive and procedural, and that CR 6(a) touches only the procedural, we conclude CR 6(a) expressly supersedes RCW 1.12.040.

Final Saturdays are to be excluded when computing statutes of limitations periods. Stikes Woods' application for a

---

[5]RAP 18.22:

"(a) . . . Rule 1.1(g) provides that these rules supersede all statutes and rules covering procedure in the appellate courts, unless a particular rule indicates that statutes control. The statutes and rules superseded by these rules continue to apply to any case pending before the Supreme Court or the Court of Appeals on July 1, 1976.

"(b) . . . Some, but not necessarily all, of the statutes and rules which are superseded by these rules are listed below. . . . The rules listed below are superseded and no longer effective.

". . . .

"RCW 1.12.040".

writ of review was timely filed and shall be reinstated. This matter is accordingly reversed and remanded for hearing on the merits.

UTTER, BRACHTENBACH, DOLLIVER, DURHAM, SMITH, JOHNSON, and MADSEN, JJ., concur.

ANDERSEN, C.J., concurs in the result.