**Gary Dean BROAD; Denise Broad, husband and wife, Plaintiffs–Appellants,**

v.

**MANNESMANN ANLAGENBAU AG, Defendant–Appellee.**

No. 98–35263.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1999.

Decided Nov. 23, 1999.

Nate D. Mannakee, Tacoma, Washington, for the plaintiffs-appellants.

James E. Horne, Peery, Hiscock, Pierson, Kingman & Peabody, Seattle, Washington, for the defendant-appellee.

Before: Reavley,[1] Ferguson, and Trott, Circuit Judges.

## ORDER

FERGUSON, Circuit Judge:

### I.

■■■ This case involves a tension between the State of Washington's 90–day deadline for serving defendants and the provisions of the Convention on The Service Abroad of Judicial and Extrajudicial Documents in Civil Or Commercial Matters, Nov. 15, 1965 ("the Hague Convention"), 20 U.S.T. 361, T.I.A.S. No. 6638, which govern the service of process in

1. The Honorable Thomas M. Reavley, Senior Circuit Judge for the Fifth Circuit, sitting by designation.

signatory countries. In light of the important and undecided issue this case presents, and mindful that "[c]ertification saves time, energy, and resources and helps build a cooperative judicial federalism," we hereby certify to the Supreme Court of Washington that a question of Washington law is involved in this case which may determine the cause and as to which there is no controlling precedent in the decisions of the Washington Supreme Court. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 46, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997). Pursuant to § 2.60.020 of the Revised Code of Washington,[2] we therefore respectfully request the Washington Supreme Court to answer the following questions: (1) whether state law deems a designated foreign central authority a "substitute" or "agent" for purposes of meeting Washington's 90–day time period for service of process; (2) alternatively, whether state law recognizes an exception to the 90–day time limit for service of process where plaintiffs must, under the Hague Convention, relinquish control over serving a defendant to a foreign central authority for an indefinite period of time.[3]

We do not intend, by our phrasing of the question, to restrict the Washington Supreme Court's consideration of this request. We acknowledge that the Washington Supreme Court may, in its discretion, reformulate the questions.

## II.

The plaintiffs, Gary Dean Broad ("Mr. Broad") and Denise Broad ("Ms.Broad"), brought this action under diversity of citizenship, 28 U.S.C. § 1332, seeking to recover damages from Mannesmann Anla-genbau AG, a German manufacturer. The defendant sold the Kingdome Mannesmann Facade Maintenance System from Germany and has not conducted business in Washington nor done any act there. The plaintiffs allege that, while Mr. Broad was conducting a demonstration of the defendant's system, on May 19, 1994, its trolley rollers caught and crushed his left hand, leaving him permanently injured. They assert common and state law claims for numerous damages as a result.

Washington law imposes a three year statute of limitations and a ninety day limit for service of process, unless the limitations period is tolled. Washington requires that plaintiffs commence a suit within three years of the cause of action. Wash. Rev.Code §§ 4.16.080(2), 7.72.060(3). Once a person files a complaint, that person has 90 days to serve the defendant; where a plaintiff fails to meet this 90–day deadline, the action is deemed not commenced for purposes of tolling the statute of limitations. Wash. Rev.Code § 4.16.170. If the three year statute of limitations has expired, the action is barred. Wash. Rev.Code § 4.16.080.

Although the plaintiffs filed their complaint and summons within the three year statute of limitations, they were forced to surrender control over service of process to a foreign agency under the Hague Convention. The Hague Convention requires plaintiffs who sue foreign defendants in signatory countries to request that a designated central authority execute service of process. Art. 2; *see also* Annex, Art. 7a(1) (stating that Germany requires requests for service of process to be addressed solely to the designated central authority).

---

**2.** Wash. Rev.Code § 2.60.020 provides:

When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

**3.** The plaintiffs requested certification for the first time on appeal. "We may consider an argument not raised in the district court if it is ... an issue of law not dependent on a factual record developed by the parties." *Abramson v. Brownstein,* 897 F.2d 389, 391 (9th Cir.1990).

Once a plaintiff sends a request for service to the central authority, that person loses control of service of process because Article 5(a) of the Hague Convention provides that the designated central authority is solely responsible for serving the document or for arranging to have it served "by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory." Art. 5; *see also* Annex, Art. 7. The Hague Convention does not impose any time limit on the central authority to effect service. Indeed, federal courts have recognized that central authorities can and do take significantly longer than 90 days to arrange for service of process. *See, e.g., Marschhauser v. Travelers Indemnity Co.,* 145 F.R.D. 605, 609 (S.D.Fla.1992) (noting that the designated central authority had received a request for service abroad nine months before decision, but had yet to arrange for service of process).

Despite the plaintiffs' attempt to serve the defendant under the Hague Convention within Washington's 90–day period, the German designated central authority did not execute service of process in time. The plaintiffs filed the complaint and summons on May 16, 1997. They sent a request for service of process to the designated central authority in Germany, the Bavarian State Ministry of Justice, on June 18, 1997. They received a response from the central authority in German on July 21, 1997. Two days later, on July 23, 1997, they obtained an English translation of the response, which informed them that Germany requires plaintiffs to translate all legal documents into German before submitting a request for service to the central authority. The plaintiffs retained a German law firm to assist them in complying with the Hague Convention and sent it the pertinent legal documents on July 31, 1997.

On August 4, 1997, they authorized the German law firm to translate all documents into German and to send them to the central authority. On September 24, 1997, the German law firm reported that the central authority had forwarded the complaint and summons to a local court to serve the defendant. The certificate of service from the German central authority indicates that the defendants were actually served on September 18, 1997, 122 days after the plaintiffs filed their complaint and summons.

The district court dismissed the plaintiffs' suit as untimely. It concluded that Washington law barred their action because they had failed to actually serve the defendant within 90 days of filing a complaint and summons. The court did not, however, consider the tension this case presents between Washington's 90–day time limit for service of process and the Hague Convention's requirement that plaintiffs relinquish control over service to a designated central authority for an indefinite period of time. Having failed to identify this tension, it also did not recognize that applying the 90–day service limit in cases such as this might jeopardize the ability of Washington plaintiffs to vindicate their rights and encourage a designated central authority to delay serving defendants in order to protect them from liability in another country.

On appeal, the plaintiffs contend that this case, and the tension it presents between state and international law, is appropriate for certification to the Washington Supreme Court, and we agree. The plaintiffs have also argued that Rule 4(m) of the Federal Rules of Civil Procedure, which removes any deadline for service of process on a foreign defendant, applies in this case.[4] Until the Washington Supreme

---

4. Rule 4(m) of the Federal Rules of Civil Procedure provides:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an

Court addresses the question of whether state law recognizes an exception to its 90–day rule for executing service of process when a plaintiff must comply with the Hague Convention, we will not address this issue. Once it does, we will be in a position to determine both whether a conflict exists between state and federal law and which law applies.

### III.

The plaintiffs can avoid a limitations bar under state law in one of two ways. Although the Hague Convention requires actual service, it does not speak to the question of whether the central authority constitutes an agent or substitute for purposes of meeting the limitations period. Indeed, the Hague Convention does not mention limitations periods at all. It is unclear whether Washington deems a designated central authority in a signatory country a "substitute" or "agent" for purposes of executing service of process within 90 days. Since the position of the state court is uncertain on whether substitute service exists in this case, certification on the question is appropriate.

Second, the plaintiffs can avoid a limitations bar to their lawsuit if an exception to the limitations period applies. Plaintiffs argue that the time limit may be tolled under the state's nonresident defendant statute.[5] The Washington Supreme Court has explained that "[t]o stop the running of the statute of limitations, a defendant's absence from the state (or concealment within it) must be such that process cannot be served upon him which would make possible a personal judgment against him." *Summerrise v. Stephens*, 75 Wash.2d 808,

454 P.2d 224, 226 (1969). It is acknowledged that the Washington Supreme Court has refused to apply this statutory provision to out-of-state defendants who fall under the state's long-arm statute, reasoning that "where a plaintiff has a statutory right to serve summons on the Secretary of State, as the statutory agent of the defendant, the fact that the defendant is physically absent from the state does not toll the statute of limitations." *Smith v. Forty Million, Inc.*, 64 Wash.2d 912, 395 P.2d 201, 203 (1964). If, as the defendant contends, Washington does not deem a designated central authority in a signatory country a "substitute," then the nonresident tolling statute may apply. This may be particularly true since the Hague Convention does not guarantee service of process, but merely facilitates it. The Washington Supreme Court has not addressed the issue of whether the state's nonresident tolling statute applies where a plaintiff must comply with the Hague Convention. Since this "question is one of state statutory construction and the position of the state court is uncertain," certification is appropriate. *Estate of Madsen v. Commissioner of I.R.S.*, 659 F.2d 897, 899 (9th Cir.1981).

The plaintiffs also contend that a "good cause" or other tolling exception may apply. We recognize that the Washington Court of Appeals has ruled that there is no exception for "good cause." *Fisher v. Tacoma*, 70 Wash.App. 635, 855 P.2d 299, 302 (1993). The Washington Supreme Court has not, however, addressed this question. It has, moreover, recognized tolling exceptions in similar cases, reasoning that, "[w]hen a person is prevented from exer-

appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

**5.** Wash. Rev.Code § 4.16.180 provides that:
If the cause of action shall accrue against any person who is a nonresident of this state, or who is a resident of this state and shall be out of the state, or concealed therein, such action may be commenced within the terms herein respectively limited after

the coming, or return of such person into the state, or after the end of such concealment; and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself, the time of his absence or concealment shall not be deemed or taken as any part of the time limit for the commencement of such action.

cising his legal remedy by some positive rule of law, the time during which he is prevented from bringing suit is not to be counted against him in determining whether the statute of limitations has barred his right even though the statute makes no specific exception in his favor in such cases." *Seamans v. Walgren,* 82 Wash.2d 771, 514 P.2d 166, 168 (1973) (en banc). In this case, the Hague Convention prevented the plaintiffs from effecting service within the 90-day time limit Washington law imposes. Certification on whether Washington counts the time a central authority takes to serve a defendant against a plaintiff is appropriate.

## IV.

We have found no Washington case to resolve the question of whether a plaintiff who is forced to serve a defendant under the Hague Convention must also comply with Washington's 90-day time limit for execution of service of process. The Hague Convention requires plaintiffs to surrender control of service of process to a designated central authority in a signatory country and wait for an indefinite period of time while it serves the defendant according to the laws of its country. It is unclear whether, under these circumstances, Washington's 90-day time limit for executing service of process applies. A declaration by the Washington Supreme Court on the question of whether "substitute service" or a tolling exception exists where a plaintiff must comply with the Hague Convention would likely resolve the issue of whether Mr. and Ms. Broad can vindicate the rights they allege the defendant violated.

IT IS SO ORDERED.