[No. 33879-0-I.   Division One.   December 27, 1994.]

JAMES BROWN, *Appellant*, v. PROWEST TRANSPORT LTD., *Defendant*, SANTANA HOLDINGS LTD., ET AL, *Respondents*.

*Gary Lee Raaen*, for appellant.
*Thomas Daniel Loftus* and *Groshong, Lehet & Thornton*, for respondents.

SCHOLFIELD, J. — Plaintiff James Brown appeals from the trial court's order granting summary judgment in favor of Defendants ProWest Transport Ltd., Santana Holdings Ltd., Joe O'Neill and Frank Clark, in an action for damages arising out of an automobile accident.[1] Brown argues that the statute of limitations was tolled because the Defendant driver, Frank Clark, failed to comply with RCW 46.52.020 and .030, governing disclosure of information and reporting after an accident; because Santana, O'Neill, and Clark are not residents of this state and concealed their identities and locations in violation of RCW 4.16.180; and because of the operation of the discovery rule. We reverse.

### FACTS

From the documents presented on the motion for summary judgment, the trial court could have found the following facts. At about 9:15 a.m. on September 8, 1989, Brown was driving his car southbound on Interstate 5 near Seattle. The traffic was relatively heavy. He was driving in the center lane of the freeway and had been occupying that lane for 3 or 4 minutes. To Brown's left was a large tractor trailer truck. Without warning, the truck moved into Brown's lane and struck his car causing it to lose control, go off the freeway and roll up and down an embankment. The car was damaged, and Brown was injured. The driver of the truck did not stop, render assistance, or provide the information

---

[1]Brown does not appeal the part of the order as it applies to ProWest Transport Ltd.

required by Washington law. Brown did not see the license number of the truck.

The accident was investigated by Officer Kevin Forrester and Detective Scott Cartier of the Washington State Patrol. They learned that a witness, Patricia McJoynt, had provided the license number for the truck, number 4237SK.[2] The truck was licensed to ProWest of British Columbia. ProWest had employed Joe O'Neill[3] from January 31 through August 31, 1989. He was also manager of Santana Holdings Ltd., which owned a truck bearing the same license number as reported by McJoynt. ProWest records showed that during the time that O'Neill was working for them, he owned and operated a tractor trailer truck bearing British Columbia license plate number 4237SK.

O'Neill told Officer Forrester that Frank Clark was the person driving the truck on the date of the accident. O'Neill also told Forrester that Clark told him he was in the Seattle area at the time of the accident but did not recall being involved in an accident. O'Neill promised to provide information with regard to Clark and how he could be located. O'Neill never provided that information or responded to any subsequent attempts to contact him. He refused contact with Brown's counsel and even refused to cooperate with the attorney retained by his insurer. Subsequently, Forrester made several attempts to contact the people in Canada with no response.

Brown obtained the address for ProWest, which denied it had any drivers or leased operators in the United States on the date of the accident and stated that they had no record of the accident. The truck was registered to Santana and ProWest.[4] ProWest denied knowledge of the incident or the truck.

---

[2]In some parts of the record, the license plate number appears as "42375K".

[3]The police investigation files spelled the name O'Neil.

[4]Although information obtained from the government of British Columbia originally indicated that ProWest owned the truck at the time of the accident, information provided subsequently in response to discovery requests indicated the contrary.

On December 16, 1992, Brown filed a summons and complaint seeking damages for personal injuries arising out of the accident between his automobile and a tractor trailer truck combination from British Columbia. On December 18, 1992, Brown attempted service on ProWest, Santana, O'Neill, and Clark by filing a summons and complaint through the Secretary of State's office pursuant to the nonresident motorist statute, RCW 46.64.040. With the exception of ProWest, the statutory avenue of service was unavailable because as of December 14, 1992, Brown's counsel had only ProWest's address and an incorrect address for Santana Holdings. No address was available for O'Neill or Clark as of that date. The Defendants ultimately provided sufficient information to serve O'Neill and Santana pursuant to the statute, but only after expiration of the 3-year statute of limitations on September 8, 1992. February 12, 1993, was the first time Brown's counsel had an address for O'Neill. No address has ever been provided for Clark. At no time since filing the summons and complaint have any of the named Defendants been personally served.

Teresa Anderson, owner of Santana, declared that she always had a listed phone number. As of October 13, 1993, Anderson had not been personally served, nor had she received copies by mail from Washington's Secretary of State. O'Neill had not been personally served nor received copies from Washington's Secretary of State prior to September 8, 1992.

ProWest, Santana, O'Neill, and Clark moved for summary judgment based upon the 3-year statute of limitations. Brown agreed to the dismissal of the action against ProWest.[5]

The trial court granted the Defendants' motion for summary judgment dismissing Brown's claims against O'Neill, Clark and Santana Holdings Ltd., with prejudice.

Brown appeals.

---

[5]As noted previously, Brown agreed to dismiss the action against ProWest after learning that ProWest did not own the truck.

FAILURE TO COMPLY WITH RCW 46.52.020 AND RCW
46.52.030

We first decide whether there exist genuine issues of material fact as to whether the statute of limitations was tolled when Clark failed to comply with RCW 46.52.020 and RCW 46.52.030.

An appellate court resolving a motion for summary judgment must consider all facts submitted, engaging in the same inquiry as the trial court. *Scott Galvanizing, Inc. v. Northwest EnviroServs., Inc.*, 120 Wn.2d 573, 580, 844 P.2d 428 (1993). An order of summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Marincovich v. Tarabochia*, 114 Wn.2d 271, 274, 787 P.2d 562 (1990). The court must consider the facts in the light most favorable to the nonmoving party, and the motion should be granted only if, from all the evidence, reasonable persons could reach but one conclusion. *Marincovich*, at 274. The moving party bears the burden of showing the absence of an issue of material fact. *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 395, 823 P.2d 499 (1992).

RCW 46.52.020 provides:

> (1) A driver of any vehicle involved in an accident resulting in the injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to, and in every event remain at, the scene of such accident until he has fulfilled the requirements of subsection (3) of this section . . .
>
> . . . .
>
> (3) . . . [T]he driver . . . shall give his name, address, insurance company, insurance policy number, and vehicle license number and shall exhibit his vehicle driver's license to any person struck or injured or the driver or any occupant of, or any person attending, any such vehicle collided with and shall render to any person injured in such accident reasonable assistance . . ..

RCW 46.52.030 provides:

> (1) The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to the property of any one person . . . shall, within twenty-four hours after

such accident, make a written report of such accident to the chief of police of the city or town if such accident occurred within an incorporated city or town or the county sheriff or state patrol if such accident occurred outside incorporated cities and towns.

■ Brown argues that Clark's failure to comply with these statutes tolls the statute of limitations. In support of his argument, he cites C.S. Patrinelis, Annotation, *Failure To Comply With Statute Requiring One Involved in Automobile Accident To Stop or Report as Affecting Question as to Suspension or Tolling [of] Statute of Limitation*, 10 A.L.R.2d 564, 565 (1950), which states as follows:

> While the decisions are not numerous, they appear to be unanimous in holding that the failure to comply with a statute requiring one involved in an automobile accident to stop or report will suspend the statute of limitations while, as a result of such action, there is an obvious inability to prosecute the cause of action.

While no Washington cases deal with this precise issue, our State Supreme Court noted the A.L.R. annotation in extending the discovery rule to cases requiring self-reporting of environmental actions. *U.S. Oil & Ref. Co. v. Department of Ecology*, 96 Wn.2d 85, 633 P.2d 1329 (1981).

> Likewise, courts have held that a defendant's unlawful failure to report an automobile accident will suspend a statute of limitation while, as a result of such failure, there is inability to prosecute the cause of action. *See St. Clair v. Bardstown Transfer Line, Inc.*, 310 Ky. 776, 221 S.W.2d 679 (1949); Annot., 10 A.L.R.2d 564 (1950).

*U.S. Oil*, at 93.

Application of the annotation rule is consistent with strong public policy requiring people to stop and disclose information at the scene of an accident.[6] Thus, we shall apply that rule in the present case.

Having decided to apply the annotation rule, the question becomes whether "as a result of [Defendants'] action there is

---

[6]Failure to disclose information at the scene of an accident in the case of an injury constitutes a class C felony, and in the case of property damage, a gross misdemeanor. RCW 46.52.020(4), (5). It can result in revocation of a driver's license or nonresident privilege to drive. RCW 46.52.020(6).

an obvious inability to prosecute the cause of action." It is undisputed that Clark, the driver of the truck, has at all times been unavailable for service. According to Brown, O'Neill was located by police during their investigation but subsequently refused contact with the police or Brown. In February 1993, 5 months after the limitation period expired, Brown's investigator finally obtained O'Neill's address. O'Neill argues that he has at all times material to this case resided in the greater Vancouver area at various listed addresses and telephone numbers. However, Brown's attorney claims that he spoke to one O'Neill who denied being the person in question, then left a lengthy message for another O'Neill, who never returned his call.

With regard to Santana, Brown's attorney was unable to obtain the company's address until after the 3-year period expired. It is also claimed that Anderson, Santana's owner, had a listed phone number, but the facts show that Brown's attorney was never able to identify and contact her.

Taking this evidence in the light most favorable to Brown, the nonmoving party, there is an adequate basis in the record for finding an inability to prosecute Santana, O'Neill, and Clark. There are at least factual issues as to whether addresses for Santana, O'Neill, and Clark should have been located prior to expiration of the statute of limitations.

Accordingly, the issue of whether the statute of limitations was tolled when Clark failed to comply with RCW 46.52.020 and RCW 46.52.030 remains in dispute.

### Nonresidency and Concealment of Identity and Location

We next decide whether the statute of limitations was tolled against Santana, O'Neill, and Clark pursuant to RCW 4.16.180 as they appear to be nonresidents of this state and there is evidence they concealed their identities and locations.

Because the statute of limitations is an affirmative defense, the burden is on the party asserting it to prove the facts which establish it. *Haslund v. Seattle*, 86 Wn.2d 607, 547 P.2d 1221 (1976). The statute of limitations on personal

injury actions is 3 years. RCW 4.16.080(2). RCW 4.16.170 explicitly tolls the statute of limitations when a complaint is filed or a summons is served, whichever occurs first. Consequently, Brown had 3 years from the date of the accident, September 8, 1989, to commence his action by filing the complaint or serving the summons and complaint. If the action were commenced by filing the complaint only, the Defendants were to be served, personally or by publication, within 90 days of that filing for purposes of the statute of limitations. *See* RCW 4.16.170.

Brown filed his complaint on December 16, 1992, 3 months after the statute of limitations expired. He only obtained service on one of the Defendants, ProWest, through the Secretary of State.

Because the complaint was not timely filed and the summons and complaint were not timely served, Brown's action against Santana, O'Neill, and Clark is time barred, unless the statute of limitations was tolled for some reason.

Brown argues that the statute of limitations was tolled by the Defendants' concealing themselves. The pertinent statute on tolling the statute of limitations due to concealment of a defendant is RCW 4.16.180. It provides:

> *If the cause of action shall accrue against any person who is a nonresident of this state,* or who is a resident of this state and shall be out of the state, or concealed therein, such action may be commenced within the terms herein respectively limited after the coming, or return of such person into the state, or after the end of such concealment; *and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself, the time of his absence or concealment shall not be deemed or taken as any part of the time limit for the commencement of such action.*

(Italics ours.)

Judicial interpretations of the standard of "concealment" necessary to the tolling of the statute of limitations are scarce. *Bethel v. Sturmer*, 3 Wn. App. 862, 867, 479 P.2d 131 (1970). Concealment under RCW 4.16.180 is defined as a " 'clandestine or secret removal from a known address' ". *Caouette v. Martinez*, 71 Wn. App. 69, 74, 856 P.2d 725 (1993) (quoting *Patrick v. DeYoung*, 45 Wn. App. 103, 109,

724 P.2d 1064 (1986), *review denied*, 107 Wn.2d 1023 (1987). Willful evasion of process appears to be a necessary ingredient. *Muncie v. Westcraft Corp.*, 58 Wn.2d 36, 38, 360 P.2d 744 (1961). While it is true that these Defendants could have been served by publication of summons pursuant to RCW 4.28.100, such service is constructive only and is not, as a practical matter, an effective means of notifying a party of the pendency of a lawsuit. *Caouette*, at 75. The tolling provisions of RCW 4.16.180 apply notwithstanding availability of service by publication. *Caouette*, at 76.

█ Defendants argue that there is no tolling of the statute of limitations under RCW 4.16.180 if the defendant can be served pursuant to RCW 46.64.040. *See Patrick v. DeYoung*, 45 Wn. App. 103, 110, 724 P.2d 1064 (1986), *review denied*, 107 Wn.2d 1023 (1987). However, RCW 46.64.040, which allows service on the Secretary of State, requires an address to be provided and that a plaintiff mail a copy of the summons and complaint to the last known address. Failure to provide an address makes service on the Secretary of State defective and unavailable. Because addresses were not available in this case, Brown did not have the option of serving the Secretary of State.

Under RCW 4.16.180, the statute of limitations is tolled for the period that a nonresident defendant is concealed. Here, there is evidence of concealment on the part of the Defendants. The driver, Clark, did not stop at the scene of the accident and provide the information required by RCW 46.52.020. He also failed to file an accident report as required by RCW 46.52.030. O'Neill refused to provide any information regarding Clark to the investigating officers and refused to cooperate with the Washington State Patrol. O'Neill also refused to respond to inquiries by Brown's counsel as to whether he was the O'Neill associated with the truck. Taking the facts in the light most favorable to Brown, the nonmoving party, we conclude there is competent evidence that addresses for Clark, Santana, and O'Neill could not have been located with due diligence by counsel until after the statute of limitations had run.

As a result of this concealment, at the time the statute of limitations expired, Brown did not have any addresses for Santana, O'Neill, or Clark, but he did have ProWest's address. Thus, Santana, O'Neill, and Clark could be found to have effectively concealed themselves until after the cause of action accrued. This would result in a tolling of the statute of limitations against Santana, O'Neill, and Clark pursuant to RCW 4.16.180.

Next, Brown contends that the statute of limitations was tolled by the discovery rule, but since we conclude on other grounds that the statute was tolled, we need not address that argument.

### SIDIS RULE

Santana, O'Neill, and Clark next argue that the statute of limitations was not tolled because Brown failed to use the "Safe Harbor" rule of *Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 815 P.2d 781 (1991) prior to September 8, 1992. *Sidis* holds that under RCW 4.16.170, service upon one of multiple defendants within 90 days from the filing of the complaint tolls the statute of limitations as to the remaining defendants. *Sidis*, at 329-31.

Had Brown served ProWest after timely filing the summons and complaint, the statute would have been tolled as to the remaining Defendants. However, had the case been dismissed as to ProWest, it would have been dismissed as to all parties. Here, where the evidence indicated that ProWest had no knowledge of the accident and did not employ Clark at the time of the accident, eventual dismissal was likely, as indeed it did occur. Therefore, for Brown to have relied on service of just ProWest would have been imprudent.

Accordingly, we conclude that *Sidis* was not a "safe harbor" for Brown.

### RCW 46.64.040

Santana, O'Neill, and Clark also argue that there is no jurisdiction as to any Defendant under the provisions of RCW 46.64.040.[7] They correctly assert that Brown failed to

---

[7]RCW 46.64.040 states in part as follows:

"The acceptance by a nonresident of the rights and privileges conferred by law in the use of the public highways of this state, as evidenced by his or her

obtain jurisdiction as to any Defendant under RCW 46.64.040, as the filings with the Secretary of State occurred more than 3 months after the expiration of the statute of limitations. Furthermore, with regard to Clark and O'Neill, those filings contained no last known address, and with regard to Santana, they contained the wrong address. Santana, O'Neill, and Clark also correctly assert that *Omaits v. Raber*, 56 Wn. App. 668, 669 n.1, 670, 785 P.2d 462, *review denied*, 114 Wn.2d 1028 (1990) mandates that the service of process statute demands full compliance.

The Defendants' argument ignores the fact that Brown does not claim that service without compliance with the statute is effective. Rather, Brown claims that the statute of limitations was tolled for the period during which Clark, O'Neill, and Santana remained concealed.

The Defendants' arguments also assume that Brown knew how to locate the Defendants. He did not. That was precisely the problem and the reason Brown now asks that the statute of limitations be tolled.

### 90-Day Rule

Next, Santana, O'Neill, and Clark argue that Brown's noncompliance with RCW 4.16.080(2) and RCW 4.16.170 bars further action. They claim that the filing with the Secretary of State attempted in December 1992 was untimely as to all Defendants, and thus, Brown does not have the benefit of the 90-day extension of time provided for in RCW 4.16.170. In addition, they argue that filing was defective for other reasons, and therefore the trial court's dismissal and granting Defendants' motion for summary judgment should be affirmed.

---

operation of a vehicle thereon, or the operation thereon of his or her vehicle with his or her consent, express or implied, shall be deemed equivalent to and construed to be an appointment by such nonresident of the secretary of state of the state of Washington to be his or her true and lawful attorney upon whom may be served all lawful summons and processes against him or her growing out of any accident, collision, or liability in which such nonresident may be involved while operating a vehicle upon the public highways, or while his or her vehicle is being operated thereon with his or her consent, express or implied, and such operation and acceptance shall be a signification of the nonresident's agreement that any summons or process against him or her which is so served shall be of the same legal force and validity as if served on the nonresident personally within the state of Washington."

Brown does not argue that RCW 4.16.170, which allows 90 days from the date of filing in order to perfect service, extends the statute of limitations in this case. Rather, he argues that the statute of limitations was tolled. Thus, Santana, O'Neill, and Clark's argument is without merit.

### INDEPENDENT KNOWLEDGE

Finally, Santana, O'Neill, and Clark cite *Estate of Chappelle v. Sanders*, 442 A.2d 157 (D.C. 1982) in support of their argument that the statute should not be tolled where Plaintiffs had independent information upon which a timely claim could have been filed.

In *Chappelle*, the court stated that it was well established that affirmative acts to fraudulently conceal either the existence of a claim or facts forming the basis of a cause of action would toll the running of the limitation. *Chappelle*, at 158. However, the court ruled that defendants' concealment of their identities did not toll the running of the limitation period where, following the collision, the driver gave false information, left the scene, and failed to file an accident report. *Chappelle*, at 157-59. Because the driver of the decedent's automobile had noted the license plate number of the defendants' car and traced its ownership, the court was inclined to follow the general rule of certain jurisdictions that the concealment of the identity of liable parties, unlike the concealment of the existence of a claim, was insufficient to toll the statute of limitations. *Chappelle*, at 157-58. In any event, the court stated that appellant possessed information with which a timely claim could have been filed. *Chappelle*, at 159.

The case at bar may be distinguished from *Chappelle* because here, although the license number was taken, the driver was not the owner, nor did the owner provide information as to the driver's whereabouts. A witness identified the truck, and police investigation identified the truck's owner as Santana and the driver as Frank Clark. Documentation showed the possibility of a legal connection involving ProWest. Brown knew O'Neill was involved with Santana but was unable to contact him. Thus, simply noting the

license plate number in this case did not necessarily lead to the information required to serve a summons and complaint on the Defendants. Brown did not have enough independent knowledge to properly perfect his claim before the running of the statute of limitations. Accordingly, *Chappelle* does not preclude the possibility of a holding that Brown did not possess information with which a timely claim could have been filed.

The order granting summary judgment in favor of Santana, O'Neill, and Clark is reversed and the case is remanded for further proceedings.

GROSSE and KENNEDY, JJ., concur.