111 P.3d 271 (2005)
Cornelio RODRIGUEZ and Maria Rodriguez, and their martial community, Appellants,
v.
Angela A. JAMES-JACKSON and Brannon Jackson, husband and wife and their marital community, Respondents.
No. 53132-8-I.
Court of Appeals of Washington, Division 1.
April 25, 2005.
*272 Alfredo R. Lopez, Seattle, WA, for Appellants.
Mistee R. Verhulp, Alexander & Bierman, PS, Seattle, WA, for Respondents.
GROSSE, J.
¶ 1 The requirements of the statute governing service of process by publication or mail are twofold: (1) following reasonably diligent efforts to personally serve the defendant by exhausting all information readily available, the defendant cannot be found in the state; and (2) facts must be provided supporting an inference that the defendant concealed himself or herself within the state *273 or left the state with the intent to avoid the service of a summons. Here, the plaintiff fails to meet both requirements. The trial court's order dismissing the case is affirmed.

FACTS
¶ 2 On March 11, 1998, Angela James-Jackson pulled from a parking lot into traffic and collided with Cornelio Rodriguez. At the scene, James-Jackson and Rodriguez exchanged driver's license numbers, addresses, and insurance information. The exchanged information was listed on a Port of Seattle Police Department Accident Exchange Form provided to each driver. James-Jackson reported the collision to her insurance company. At the time of the collision, James-Jackson lived with her husband at 11912 S.E. 175th Street, Apartment G-103, in Renton. A couple of months later, James-Jackson and her husband moved to Texas where her husband accepted a teaching job. James-Jackson filed a change of address form with the post office. She also informed her insurance company of her change of address. The company continues to provide insurance coverage to her.
¶ 3 Two and a half years later, counsel for Rodriguez filed a personal injury complaint against James-Jackson and her marital community. Attempts at personal service were unsuccessful. On February 7, 2001, counsel for Rodriguez filed a motion and declaration to serve James-Jackson by mail alleging that she could not be found within the state and that she concealed herself to avoid service. The declaration indicated that attempts had been made to serve James-Jackson and that the address given by her at the accident scene was not a true and correct address or was incomplete. The form declaration used by Rodriguez failed to attach supporting evidence regarding the attempted service or what additional efforts were made to serve or find James-Jackson other than general statements of looking on the Internet in Alaska and Washington. The declaration listed the last-known address as 11912 S.E. 175th, Renton, Washington 98058. An order to serve by mail was granted.
¶ 4 A little more than a month later, on March 11, 2001, the applicable statute of limitations expired. On May 3, 2001, an attorney for the firm representing Rodriguez, filed a declaration of service stating that on February 16, 2001, he sent two letters to James-Jackson, one registered with a return receipt requested, and the other by regular mail.[1] However, because the post office does not continue to forward letters beyond a one-year period, the documents were returned to counsel and not forwarded to James-Jackson.
¶ 5 On May 25, 2001, the trial court signed an order of default against James-Jackson, but no judgment was taken. Approximately one year later the county clerk's office requested an order of dismissal for lack of prosecution, and on May 1, 2002, the order was granted. Counsel for Rodriguez later filed a motion to vacate the dismissal and on July 31, 2002, the trial court vacated the dismissal and reinstated the order of default.
¶ 6 Later, on July 15, 2003, after discovering there was an outstanding judgment against her, James-Jackson filed a notice of appearance and an answer with affirmative defenses. The affirmative defenses included assertions of insufficient service of process, lack of personal jurisdiction, and failure to commence the action within the time required by the applicable limitations statute. On the same day, James-Jackson filed a motion to vacate the default order and sought to dismiss the case for failure to properly serve defendants within the statutorily defined period. Counsel for Rodriguez filed a response, which included a slightly more detailed affidavit from counsel regarding attempts at service.
¶ 7 After hearing, the trial court granted James-Jackson's motions and dismissed the case for failure to make a diligent effort to *274 locate James-Jackson within the limitations period. Rodriguez appeals.

ANALYSIS
¶ 8 Basic to litigation is jurisdiction, and first to jurisdiction is service of process.[2] When a court lacks personal jurisdiction over a party, the judgment obtained against that party is void.[3]
¶ 9 Service by publication or mail is in derogation of the common law and cannot be used when personal service is possible. Strict compliance with the statute authorizing service by publication is required.[4] The issue before this court is not only whether the affidavit required by RCW 4.28.100 is sufficient, but whether the plaintiff made an honest and reasonable effort to locate the defendant before seeking service by publication or mail.[5] The trial court's ruling on whether a plaintiff has satisfied the requirements for service by publication under RCW 4.28.100 is a question of law, reviewed by this court de novo.[6]
¶ 10 RCW 4.28.100(2)[7] authorizes service by publication and at times by mail when; (1) the defendant cannot be found in the state, and (2) with the intent to avoid service of a summons, he or she either conceals himself or herself within the state or leaves the state. The plaintiff must have made reasonably diligent efforts to personally serve the defendant.[8] Counsel for Rodriguez filed an affidavit to support the initial motion to obtain the court's permission to serve James-Jackson by mail. A supplemental affidavit was filed after service was challenged. This court considers both affidavits.[9]
¶ 11 Review of the two affidavits show they were conclusory at best. The short paragraph of supporting facts set out in the initial affidavit indicated there were several attempts to serve James-Jackson, and that the address given at the scene of the accident was either not her true address or was incomplete. But there are no supporting documents regarding any returns of service from a process server. The affidavit also indicated the phone number had been disconnected, and that searches in local phone directories or through the Internet in Washington and Alaska provided no further information. The second declaration added only that the declarant spoke with an individual at the address given at the time of the accident who indicated that James-Jackson moved out of state.
¶ 12 The trial court held that the "[p]laintiffs failed, for whatever reason, to conduct an honest and reasonable effort to locate the defendant. Simply mailing to what they believe is to be the last known address does not fully satisfy due process."[10] More importantly, the trial court also held that "[n]ot only did the plaintiff fail to conduct an honest diligent effort to locate the defendant but plaintiff also failed to establish with any direct or circumstantial evidence that she left *275 the state with the intent to defraud or hide."[11]
¶ 13 The affidavits filed in this case are deficient because they fail to set forth underlying facts showing reasonable efforts to find James-Jackson considering the information available to counsel. The affidavits simply assert a failed effort was conducted. Nowhere in the record is it shown that counsel attempted to contact the post office to find out if it still may have had a forwarding address even if the year-long forward time had expired. There is no indication that an attempt was made to find James-Jackson through her previous employer Alaska Airlines, or through the insurance agent or company listed, which included the agent's phone number. This information was provided by James-Jackson immediately after the accident. In addition, there is reference in the record that negotiations between James-Jackson's insurer and Rodriguez occurred at least at one time. Yet there is nothing in the record indicating that counsel attempted to find James-Jackson through her insurer.
¶ 14 There is no direct or circumstantial evidence, or any reasonable inference that James-Jackson left the state with the intent to defraud or hide from any action filed by Rodriguez. The reason James-Jackson moved to Texas was because her husband took a job in a school outside of Houston, not to avoid service of process. The declarations contained no facts suggesting proof that James-Jackson's change of residence, or any other conduct, was undertaken with the intent to conceal herself as required by RCW 4.28.100(2).
¶ 15 Rodriguez also asserts the trial court erred by vacating the order of default and thereafter dismissing the case for failure to serve the defendants within the three-year statute of limitations. But a judgment entered without valid service is void and may be vacated when the want of jurisdiction is established by evidence.[12] When a court lacks in personam jurisdiction over a party, any judgment entered against that party is void.[13] Here, there was no valid service of process and the order to vacate is affirmed.
¶ 16 The trial court dismissed the case with prejudice because service of process was not properly made within the three-year statute of limitations period for commencing a personal injury lawsuit. Here, Rodriguez asserts the statute of limitations was tolled under RCW 4.16.180. That statute states:
If the cause of action shall accrue against any person who is a nonresident of this state, or who is a resident of this state and shall be out of the state, or concealed therein, such action may be commenced within the terms herein respectively limited after the coming, or return of such person into the state, or after the end of such concealment; and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself [or herself], the time of his [or her] absence or concealment shall not be deemed or taken as any part of the time limit for the commencement of such action.
¶ 17 Concealment under RCW 4.16.180 is defined as a "`clandestine or secret removal from a known address.'"[14] The holding in Brown v. ProWest Transport,[15] relied upon by Rodriguez, sets forth that willful evasion of process is a necessary ingredient to toll the limitations statute.[16] Under RCW 4.16.180, the statute of limitations is tolled for that period when a nonresident defendant is concealing himself or herself. As stated above, there is no evidence of a willful concealment on the part of James-Jackson. The trial court did not err in determining that the limitations statute had not *276 been tolled, thus justifying the dismissal of the case with prejudice.[17]
¶ 18 The decision of the trial court is affirmed.
WE CONCUR: COX, C.J., and BECKER, J.
NOTES
[1] The registered receipt was hand-written and one view of it shows an incorrect address of "119R S.E. 175th", in Renton. Clerk's Papers at 11. A closer view of the receipt indicates that although it looks like an "R" it could also be a sloppy juxtaposition of a 1 and a 2 instead of an "R". A copy of the returned envelope clearly shows the printed address on the envelope as "11912." Clerk's Papers at 132.
[2] Dobbins v. Mendoza, 88 Wash.App. 862, 947 P.2d 1229 (1997).
[3] Scott v. Goldman, 82 Wash.App. 1, 6, 917 P.2d 131 (1996).
[4] Dobbins, 88 Wash.App. at 871, 947 P.2d 1229.
[5] Dobbins, 88 Wash.App. at 871, 947 P.2d 1229.
[6] Boes v. Bisiar, 122 Wash.App. 569, 576, 94 P.3d 975 (2004).
[7] RCW 4.28.100 states in relevant part:

When the defendant cannot be found within the state, and upon the filing of an affidavit ... stating that he [or she] believes that the defendant is not a resident of the state, or cannot be found therein, ... and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his attorney in any of the following cases:
...
(2) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his [or her] creditors, or to avoid the service of a summons, or keeps himself [or herse[f] concealed therein with like intent.
[8] Boes, 122 Wash.App. at 574, 94 P.3d 975 (citing Charboneau Excavating, Inc. v. Tumipseed, 118 Wash.App. 358, 362, 75 P.3d 1011 (2003)).
[9] Dobbins, 88 Wash.App. at 872-73, 947 P.2d 1229; see also First Fed. Sav. & Loan Ass'n of Walla Walla v. Ekanger, 93 Wash.2d 777, 782, 613 P.2d 129 (1980) (affidavit for publication can be supplemented or amended if it merely alters the record to reflect what actually happened).
[10] Report of Proceedings at 22.
[11] Report of Proceedings at 22.
[12] Longview Fibre Co. v. Stokes, 52 Wash.App. 241, 245, 758 P.2d 1006 (1988) (citing John Hancock Mut. Life Ins. Co. v. Gooley, 196 Wash. 357, 83 P.2d 221 (1938)).
[13] Scott, 82 Wash.App. at 6, 917 P.2d 131.
[14] Caouette v. Martinez, 71 Wash.App. 69, 74, 856 P.2d 725 (1993) (quoting Patrick v. DeYoung, 45 Wash.App. 103, 109, 724 P.2d 1064 (1986)).
[15] Brown, 76 Wash.App. 412, 421, 886 P.2d 223 (1994).
[16] Brown, 76 Wash.App. at 421, 886 P.2d 223.
[17] Further, RCW 4.16.180 does not toll the statute of limitations due to the defendant's physical absence from the state, in view of the availability of the non-resident motorist statute, RCW 46.64.040, making the Secretary of State an agent of such non-resident for purpose of service of a summons and complaint. Smith v. Forty Million, Inc., 64 Wash.2d 912, 395 P.2d 201 (1964); Martin v. Triol, 121 Wash.2d 135, 847 P.2d 471 (1993). Rodriguez did not avail himself of this statute. The non-resident motorist statute requires an address to be provided to the Secretary of State and that the plaintiff mail a copy of the summons and complaint to the last known address of the defendant. Although counsel for Rodriguez may not have known James-Jackson's exact whereabouts, unlike in Brown, there was no total lack of a last address that could have been provided to the Secretary of State. Counsel possessed a last known address and could have complied with the requirements of the non-resident motorist statute. The Brown case is inapplicable here on its facts. That case concerned actual concealment of a defendant's whereabouts and the standard surrounding the concealment necessary to toll the statute of limitations. Again, here, there is no evidence to support an inference that James-Jackson and her husband were concealing themselves in any manner to avoid service of process.