# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ROCHELLE TRAN, a married woman, | No. 46099-8-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| VICTORIA GALLARDO and "JOHN DOE" GALLARDO, a marital community, | |
| Respondents. | |

BJORGEN, A.C.J. — A trial court dismissed on summary judgment Rochelle Tran's personal injury lawsuit against Victoria Gallardo, concluding that Tran had not complied with the applicable statute of limitations. Tran appeals, asserting that the trial court erred by (1) concluding that she did not serve Gallardo with her complaint within the statute of limitations, and, alternatively, (2) failing to toll the statute of limitations based on Gallardo's noncompliance with reporting requirements under RCW 46.52.020 and RCW 46.52.030. Because the trial court properly concluded that Tran did not serve Gallardo within the statute of limitations, and because Tran had an obvious and reasonable ability to prosecute her claim within the applicable statute of limitations notwithstanding any violation of RCW 46.52.020 and/or RCW 46.52.030, we affirm.

FACTS

On August 26, 2010, Tran and Gallardo were in a motor vehicle collision in which Gallardo struck Tran's car from behind. On July 9, 2013, Tran filed a personal injury lawsuit in superior court. Tran alleges the following occurred right after the accident:

> I pulled over to the side of the road. At that time I complained to Ms. Gallardo of substantial pain in my neck and back. I believe that I was in a state of shock at that time. I had difficulty comprehending what had happened and what was occurring. I noticed damage to the rear of my vehicle and damage to the front of Ms. Gallardo's vehicle. Ms. Gallardo gave me her name and motor vehicle insurance information. However, she never gave me her telephone number, address, vehicle license number, and driver's license information. The police were not called and no officer filled out or filed a collision report.

Clerk's Papers (CP) at 69 (emphasis omitted).

Gallardo declares that she provided Tran with her name, phone number, and vehicle insurance information, as requested, and that she still uses the phone number she provided to Tran. Gallardo also states that her license plate was properly displayed at the time of the collision. Tran agreed that Gallardo had provided her correct name and vehicle insurance information as requested, but disputed that Gallardo had provided her phone number.

On July 22, Tran attempted to serve Gallardo at an address in Lacey, Washington. Gallardo states that she has never resided at the address.[1] On August 19, Gallardo answered and asserted affirmative defenses, including a lack of personal jurisdiction for Tran's failure to properly serve process upon her. The three year statute of limitations expired on August 26, 2013. RCW 4.16.080(2). The 90-day tolling period to perfect service expired on October 7, 2013. RCW 4.16.170. On October 16, Gallardo moved to dismiss the lawsuit. The trial court

---

[1] The person served with Tran's personal injury complaint at the Lacey address on July 22 has a different birth date than Gallardo and a different married name than Gallardo's.

heard argument on January 17, 2014, and stated that it would deny Gallardo's motion to dismiss.

On February 10, 2014, however, the trial court issued an order granting Gallardo's motion to

dismiss, stating it was "treat[ing] the motion as one for summary judgment." CP at 205. The

trial court's order granting Gallardo's motion to dismiss stated:

> 1. On August 26, 2010 a motor vehicle accident occurred, giving rise to this cause of action.
> 2. Defendant Victoria Gallardo-Dunbar stopped and provided insurance information to Plaintiff Rochelle Tran. Neither medical aid nor police were called to the scene. No obvious injuries were apparent necessitating emergency medical aid.
> 3. After investigation, including communication with Defendant's insurer, Plaintiff filed a complaint on July 9, 2013.
> 4. Defendant answered on August 16, 2013 and asserted, among other things, that the court lacked jurisdiction over the person of Defendant.
> 5. Before October 7, 2013 Plaintiff served a summons and complaint upon someone different than Victoria Gallardo-Dunbar. The evidence is irrefutable that the Defendant was not served within ninety days of the complaint being filed.
> 6. On October 15, 2013 the Defendant filed a motion to dismiss the claim, which included information on Defendant's street address in the State of New York.
> 7. On November 25, 2013, Defendant was served in New York.
> The court has considered anew the arguments made on January 17, 2014 and the records herein. The court has considered *Brown v. ProWest*, 76 Wn. App. 412[, 886 P.2d 223 (1994)] and believes that it is clearly distinguishable from the current case and is not controlling. Despite the court's preliminary comments on the record, the court finds as a matter of law that Plaintiff had an obvious and reasonable ability to prosecute a claim against defendant within three years of the motor vehicle accident. The court finds as a matter of law that the statute of limitations was not and cannot be tolled in the present case.
> It is ordered that Plaintiff's claim is hereby dismissed with prejudice.

CP at 205-06. Tran appeals.

## ANALYSIS

Tran contends that the trial court erred by granting Gallardo's motion to dismiss (1)

because she properly served Gallardo within the statute of limitations and, alternatively, (2)

because Gallardo's failure to comply with reporting requirements under RCW 46.52.020 and RCW 46.52.030 tolled the statute of limitations.  We disagree with both contentions.

We review de novo a trial court's decision on summary judgment, performing the same inquiry as the trial court.  *Roger Crane & Assocs. v. Felice*, 74 Wn. App. 769, 773, 875 P.2d 705 (1994).  Summary judgment is appropriate where no genuine issue of material fact remains.  CR 56.  In reviewing a trial court's decision on summary judgment, we consider the evidence in the light most favorable to the nonmoving party, here Tran.  *Roger Crane*, 74 Wn. App. at 773.

A.  <u>The Trial Court Properly Concluded that Tran Did Not Serve Gallardo within the Statute of Limitations</u>

The statute of limitations for personal injury actions is three years.  RCW 4.16.080(2). RCW 4.16.170 tolls the statute of limitations for 90 days from the date a complaint is filed or a summons is served, whichever occurs first.  If a defendant is not properly served within 90 days of the filing of a complaint, "the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations."  RCW 4.16.170.  "'Proper service of the summons and complaint is essential to invoke personal jurisdiction.'"  *Morris v. Palouse River & Coulee City R.R., Inc.*, 149 Wn. App. 366, 370-71, 203 P.3d 1069 (2009) (quoting *In re Marriage of Markowski*, 50 Wn. App. 633, 635-36, 749 P.2d 754 (1988)).  A plaintiff bears the initial burden of proving a prima facie case of sufficient service upon the defendant.  *Scanlan v. Townsend*, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014).  If the plaintiff meets this burden, the burden shifts to the defendant to demonstrate by clear and convincing evidence that service was improper.  *Scanlan*, 181 Wn.2d at 847.

Tran filed her complaint against Gallardo on July 9, 2013, within the three-year statute of limitations that was set to expire on August 26, 2013. RCW 4.16.080(2). Accordingly, Tran had until October 7, 2013 to perfect service on Gallardo. RCW 4.16.170. Tran submitted an affidavit in which a process server declared that on July 22, 2013, he or she personally served the summons and complaint on someone named Victoria Gallardo at an address in Lacey, Washington. This affidavit established a prima facie case of sufficient service within the statute of limitations period. *See Scanlan*, 181 Wn.2d at 847 ("A plaintiff can establish service of process with an affidavit of service from a process server.") (citing CR 4(g)(2)). We thus turn to whether Gallardo established by clear and convincing evidence that service was improper. *Scanlan*, 181 Wn.2d at 847.

In support of her motion to dismiss, Gallardo attached a declaration in which she stated that she never resided, and did not know anyone who resided, at the Lacey address where the summons and complaint were served. Gallardo's declaration further stated that she had lived in New York during the time in which the summons and complaint were served at the Lacey address. Gallardo attached to her declaration a purchase agreement for her residence in New York showing that she entered into the purchase agreement in November 2012; Gallardo asserted in her declaration that she closed on the purchase of the New York home in January 2013.

Tran's response to Gallardo's motion to dismiss did not address Gallardo's evidence of insufficient process, instead merely reasserting that Gallardo was properly served at the Lacey address on July 22, 2013. Tran attached to her response an exhibit showing that the person served at the Lacey address had a birth date of September 3, 1985 and likely had a maiden or married last name of "Miller." CP at 89. Gallardo's reply to Tran's response asserted that

5

Gallardo had a birth date of August 25, 1985 and that her married name is Gallardo-Dunbar. We hold that there are no genuine issues of material fact and that the above constitutes clear and convincing evidence that Tran did not properly effectuate service on Gallardo on July 22, 2013. Accordingly, we affirm the trial court's conclusion that Tran did not perfect service within 90 days of filing her complaint as required under RCW 4.16.170.

B.     The Trial Court Did Not Err by Failing to Toll the Statute of Limitations

Next, Tran contends that the trial court erred by concluding that the statute of limitations was not tolled based on Gallardo's failure to comply with the reporting requirements under the hit-and-run statutes. Again, we disagree.

RCW 46.52.020 provides in relevant part:

(3) [The] driver of any vehicle involved in an accident . . . shall give his or her name, address, insurance company, insurance policy number, and vehicle license number and shall exhibit his or her vehicle driver's license to any person struck or injured or the driver or any occupant of, or any person attending, any such vehicle collided with.
. . .
(7) If none of the persons specified are in condition to receive the information to which they otherwise would be entitled under subsection (3) of this section, and no police officer is present, the driver of any vehicle involved in such accident after fulfilling all other requirements of subsections (1) and (3) of this section insofar as possible on his or her part to be performed, shall forthwith report such accident to the nearest office of the duly authorized police authority and submit thereto the information specified in subsection (3) of this section.

Additionally, RCW 46.52.030 requires drivers involved in an accident causing "damage to the property of any one person to an apparent extent equal to or greater than . . . five hundred dollars" to submit a written report of the accident to law enforcement within four days of the

accident "[u]nless a report is to be made by a law enforcement officer" investigating the accident.

In *Brown*, 76 Wn. App. 412, Division One of this court addressed whether the defendants' failure to comply with reporting requirements of RCW 46.52.020 and RCW 46.52.030 tolled the statute of limitations. In *Brown*, a driver of a large tractor trailer truck was alleged to have struck the plaintiff's car, causing damage to the car and injury to the plaintiff. 76 Wn. App. at 414. The driver of the truck did not stop, render assistance, or provide any information to the plaintiff, and the plaintiff was unable to see the license plate number of the truck. *Brown*, 76 Wn. App. at 414-15. Additionally, the purported owner of the truck refused to provide any information to investigating officers regarding the driver of the truck and refused to respond to plaintiff's counsel's inquiries as to whether he was the owner of the truck involved in the collision. *Brown*, 76 Wn. App. at 421. The plaintiff in *Brown* was unable to effectuate service on the defendants because he did not have the defendants' addresses. 76 Wn. App. at 421.

In addressing the plaintiff's contention that the statute of limitations should have been tolled under the facts of the case, the *Brown* court relied on an American Law Reports annotation that stated:

> "While the decisions are not numerous, they appear to be unanimous in holding that the failure to comply with a statute requiring one involved in an automobile accident to stop or report will suspend the statute of limitations while, as a result of such action, there is an obvious inability to prosecute the cause of action."

76 Wn. App. at 418 (quoting *Annotation*, 10 A.L.R.2d 564, 565 (1950)). Based on the "strong public policy requiring people to stop and disclose information at the scene of an accident," the *Brown* court determined the annotation rule could be applied to toll the statute of limitations. 76 Wn. App. at 418. The *Brown* court did not hold that the statute of limitations for personal injury actions was per se tolled by a driver's failure to strictly adhere to the reporting requirements of RCW 46.52.020 and RCW 46.52.030. Rather, the court held that the relevant inquiry is whether "as a result of [defendant's] action there [was] an obvious inability to prosecute the cause of action." *Brown*, 76 Wn. App. at 418-19. Applying that inquiry to the case before it, the *Brown* court concluded that, when construing the facts in favor of the nonmoving party, "there [was] an adequate basis in the record for finding an inability to prosecute" the defendants due to the actions they took at the time of, and after, the accident. 76 Wn. App. at 419.

*Brown* is distinguishable from the present case. Here, unlike in *Brown*, Gallardo did not flee the scene of a motor vehicle collision but, rather, stopped after the accident and exchanged information with Tran, which included Gallardo's name and insurance information. Based on the information Gallardo provided to her, Tran was able to pursue her claim against Gallardo's insurance provider. Also, unlike in *Brown*, Gallardo did not attempt to evade service of process after the accident. Rather, Gallardo remained in Washington State for two years after the accident and, when moving to New York in January 2013, filed a change of address with the postal service. Therefore, even assuming without deciding that Gallardo violated RCW 46.52.020 and/or RCW 46.52.030 by failing to strictly comply with the statutes' reporting requirements, and viewing the uncontroverted evidence in a light most favorable to Tran, the trial court properly concluded that the statute of limitations was not tolled because Tran still had an

"obvious and reasonable ability to prosecute a claim against Defendant within three years of the motor vehicle accident." CP at 206. That Tran was ultimately unsuccessful in serving her complaint on Gallardo within the three-year statute of limitations does not mean that she had an "obvious inability" to do so. *Brown*, 76 Wn. App. at 419. Accordingly, we affirm the trial court's order dismissing Tran's claim for failure to adhere to the statute of limitations.

## C.     Attorney Fees

Both parties request attorney fees. Because Tran was unsuccessful in her appeal, there is no basis upon which we may award her attorney fees.

Gallardo asserts that she is entitled to attorney fees under RAP 18.1. RAP 18.1 permits us to award attorney fees to a party on appeal "[i]f applicable law grants to a party the right to recover" such fees. Gallardo cites to *Landberg v. Carlson*, 108 Wn. App. 749, 33 P.3d 749 (2001), for the general proposition that we may award fees on appeal if provided for under statute, equity, or agreement. Gallardo, however, does not identify any statute, equitable principle, or agreement that would entitle her to attorney fees in this case. Accordingly, we decline to award Gallardo attorney fees on that basis.

Gallardo also asserts that she is entitled to attorney fees under RAP 18.9 for having to defend against a frivolous appeal. "An appeal is frivolous when there are no debatable issues over which reasonable minds could differ, and there is so little merit that the chance of reversal is slim." *Kearney v. Kearney*, 95 Wn. App. 405, 417, 974 P.2d 872 (1999). In light of the fact-specific nature of our inquiry into whether Tran had an obvious ability to prosecute her claim against Gallardo, and in light of the scant case law addressing that issue, we cannot conclude that

No. 46099-8-II

Tran's appeal was frivolous. Accordingly, we decline to award Gallardo her requested attorney fees.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, J.

We concur:

JOHANSON, C.J.

MELNICK, J.