IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| LEVI A. LAKE, | ) | No. 73023-1-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| PREMIER FINANCIAL SERVICES, INC., | ) | |
| | ) | |
| Respondent. | ) | FILED: November 9, 2015 |

SCHINDLER, J. — Levi A. Lake appeals the order dismissing his quiet title action. Because Lake did not comply with the statutory requirements for service by publication under RCW 4.28.100, we affirm the dismissal of the quiet title action against Premier Financial Services Inc. (Premier).

On August 19, 2014, Lake filed a quiet title action against Premier. Lake published the summons in The Daily Journal of Commerce for six consecutive weeks. On October 27, Lake filed a motion for entry of a default judgment. A superior court commissioner entered an order dismissing the case with prejudice because Lake did not properly serve "all the parties in interest." The superior court denied the motion to revise. The order states:

> Plaintiff served Defendant via publication with no order authorizing such manner of service. As such, the lawsuit must be dismissed.

Moreover, if Premier Financial Services has assigned the note and deed of trust to other parties, those parties must be served.

The court affirms the Commissioner's ruling and adopts his findings.[1]

Lake appeals. In ruling on a motion for revision, the superior court reviews the decision of the commissioner de novo based upon the evidence and issues previously presented. State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004) (citing In re Marriage of Moody, 137 Wn.2d 979, 993, 976 P.2d 1240 (1999)). However, where the superior court makes a decision on revision, the appeal is from the superior court decision, not the commissioner's decision. Ramer, 151 Wn.2d at 113. Whether a plaintiff has satisfied the requirements for service by publication under RCW 4.28.100 is a question of law we review de novo. Rodriguez v. James-Jackson, 127 Wn. App. 139, 144, 111 P.3d 271 (2005).

RCW 4.28.100 authorizes service by publication. Because service by publication is "in derogation of the common law," a party must strictly comply with the statute authorizing service by publication. Dobbins v. Mendoza, 88 Wn. App. 862, 871, 947 P.2d 1229 (1997). RCW 4.28.100 authorizes service by publication when "the defendant cannot be found within the state" and "upon the filing of an affidavit of the plaintiff . . . with the clerk of the court." RCW 4.28.100 states, in pertinent part:

> **Service of summons by publication—When authorized.** When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff . . . with the clerk of the court, stating that he or she believes that the defendant is not a resident of the state, or cannot be found therein, and that he or she has deposited a copy of the summons

---

[1] As noted in the order, the record indicates Premier assigned the deed of trust to a third party, and as of June 26, 2014, Nationstar Mortgage LLC was the "servicer and holder of the promissory note or other obligation secured by the deed of trust" for Lake's property. Notice must be reasonably calculated, under all circumstances, to apprise all interested parties of the action and afford them the opportunity to present their objections. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950).

. . . and complaint in the post office, directed to the defendant at his or her place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his or her attorney.[2]

The record establishes Lake did not file an affidavit with the clerk of the court as required by RCW 4.28.100. After filing the appeal on January 30, 2015, Lake sent a letter to this court and attached a "Motion and Declaration for Service of Summons by Publication" and an unsigned "Order for Service of Summons by Publication." But the record reflects Lake did not the file the Motion and Declaration for Service of Summons by Publication with the clerk of the superior court.[3] There is no King County Superior Court clerk date or file stamp affixed.

Because Lake did not strictly comply with the requirements for service by publication under RCW 4.28.100, we affirm the dismissal of the quiet title action against Premier.

WE CONCUR:

---

[2] Boldface in original.

[3] We also note the declaration does not comply with the requirements of RCW 4.28.100.

3