IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| HEIDI DIEP, | ) | |
| | ) | No. 78165-1-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| MYURIE J. AUSLER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: April 15, 2019 |

ANDRUS, J. — Heidi Diep appeals from the trial court's order dismissing her personal injury action against Myurie Ausler based on failure to effect service within the statute of limitations. Diep contends that Ausler tolled the statute of limitations by concealing herself within her home to avoid service. We disagree and affirm.

## FACTS

On May 18, 2014, Diep and Ausler were involved in a car accident in Seattle. On May 10, 2017, shortly before the statute of limitations expired, Diep filed a personal injury action against Ausler. The following day, Diep retained licensed private investigator Gary Vanous of Background Checks NW to locate and serve Ausler.

On May 18, 2017, Vanous reported that he had not been able to serve Ausler, despite having a "good" address for her in Seattle:[1]

> [T]he defendant on the Heidi Diep case seems to be avoiding service. Address is a good one, and Gary has seen people in the house, but they won't come to the door. Could be the neighborhood, or could be that they know statute is running out.

On June 21, 2017, counsel for Diep retained ABC Legal Services (ABC) to serve Ausler. On July 2, 2017, ABC process server Joshua Douglas submitted a Declaration of Non Service detailing three failed service attempts at the Seattle address:

> 6/25/2017 6:11 PM: No answer at door, no noise inside, no lights and no movement inside.
>
> 6/28/2017 7:56 AM: No answer at door, no noise inside, no lights and no movement inside.
>
> 7/2/2017 3:14 PM: Per JOHN DOE, WHO REFUSED TO GIVE NAME, RESIDENT, a black male contact approx. 45-55 years of age, 5'8"-5'10" tall, weighing 200-240 lbs with black hair; subject unknown. No answer at neighbor. occupant refused info. Lic#ADG8007 #AOM0882

Douglas did not attempt to serve the individual who answered the door. He subsequently categorized the July 2 service attempt in ABC's tracking system under the heading "Bad Address Confirmed."

On July 6, 2017, Diep's counsel's assistant Nancy DiJulio asked Vanous to resume his investigation:

> Per our telephone conference today, you will run the plates of the vehicles that you saw parked by the service address and also do a postal search to see if defendant has a forwarding address. I have also attached a copy of the Declaration of Non Service that ABC provided. I will discontinue trying to have ABC serve this.

---

[1] The record does not specify how Vanous determined this was Ausler's correct address.

On July 10, 2017, Vanous confirmed that one of the vehicles parked in front of the Seattle address was registered to Ausler. He also indicated that he sent a postal trace. Vanous planned to return to the same address to serve whomever answered the door, even if they denied knowing Ausler.

On July 21, 2017, DiJulio emailed Vanous to remind him that if the postal trace showed Ausler received mail at the Seattle address, he was supposed to return and serve whomever answered the door. Vanous responded that he was still waiting for the postal trace, and "[i]f I don't receive it by middle next week I will drive out and talk the mail carrier at the annex." The record contains no further evidence of communication from Vanous.

On August 8, 2017, the 90-day period for service expired. The parties do not dispute that Diep failed to serve Ausler prior to this date.

Counsel for Diep subsequently asked ABC Legal Services to resume its attempts to serve Ausler. On August 27, 2017, ABC process server Joshua Douglas submitted a Declaration of Non Service documenting an additional failed service attempt at the Seattle address:

> 8/27/2017 11:18 AM: Per JOHN DOE, WHO REFUSED TO GIVE NAME, RESIDENT, a black male contact approx. 55-65 years of age, 5'10"-6' tall, weighing 240-300 lbs with black hair; subject unknown. Refused any info and closed door. Neighbor does not know of occupants at address.

Again, Douglas did not attempt to serve the individual who answered the door.

On August 28, 2017, ABC investigator Travis Kim initiated a postal trace and investigation into the license plate numbers of the vehicles parked at the

Seattle address. On September 20, 2017, ABC investigator Sean Woods informed DiJulio that one of the vehicles was registered to Ausler at the Seattle address. Woods also noted "[t]his looks to be a good current address for the defendant despite what the resident stated."

On October 10, 2017, DiJulio asked Woods for an update on the postal trace. Woods replied that the postal trace had not come back. He also noted that the King County assessor website lists Ausler as a co-owner of the property.

On October 15, 17, 22, and 23, 2017, ABC process server Douglas made four additional unsuccessful attempts to serve Ausler at the Seattle address. During two of those attempts, Douglas observed noise, lights, and movement inside the home, but no answer at the door. During the other two attempts, the home appeared unoccupied.

On October 29, 2017, Douglas personally served Ausler at the Seattle address. The Declaration of Service states, in pertinent part, that Douglas did so by leaving a copy of the summons and complaint with "Jane Doe, RESIDENT, who tried to refuse service by refusing to take documents and did not state reason for refusal."

On December 6, 2017, Ausler moved to dismiss Diep's lawsuit under CR 12(b)(5) for insufficient service of process, CR 12(b)(6) for failure to state a claim, and CR 12(b)(2) for lack of personal jurisdiction, because Diep failed to timely serve Ausler. Diep opposed the motion on the ground that Ausler tolled the statute of limitations by concealing herself within her home to avoid service. In support, Diep submitted records documenting her efforts to serve Ausler. The trial

4

court granted Ausler's motion and dismissed Diep's lawsuit with prejudice.[2] In its oral ruling, the court stated in part:

> Well, I feel badly for your client and the – and your law firm, but given the case law on issue . . ., there just wasn't enough here to support that framing by the Court, so I'm going to grant the motion and dismiss based on statute of limitations. I do find the efforts here – it's clear, there were efforts made, but it takes more than just continuing to go back to the same address and attempting to serve. At some point the service should have been by an alternative means, and [I] don't really see any reason why the person who came out couldn't have been served, I think it's probably presumptively a resident, and that would – and there's no question about suitable age, so that could have been done, but most important, I don't find any evidence of concealment here, that requires something willful.
>
> The defendant, Ms. Ausler, there's no evidence that she fled, that she even moved, I think later it was determined that that was her address. Evasion of service takes more than not coming to the door. And the defendant doesn't have any duty to be cooperative and take steps to accept service of process. So, under the statute, I find that there is insufficient facts here for the Court to make a finding of concealment. So, that exception doesn't apply.

Diep appeals.

## ANALYSIS

Diep argues that the trial court erred in dismissing her personal injury action based on the running of the statute of limitations. Specifically, Diep contends that RCW 4.16.180 tolls the statute of limitations because Ausler concealed herself within her home to evade process. The standard of review is de novo. FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 175 Wn. App. 840, 865, 309 P.3d 555 (2013) (dismissal for failure to state a claim); SeaHAVN, Ltd. v. Glitnir Bank, 154 Wn. App. 550, 563, 226 P.3d 141 (2010) (where facts are

---

[2] The trial court did not specify which basis under CR 12(b) supported the dismissal.

undisputed, personal jurisdiction is a question of law reviewed de novo); Goettemoeller v. Twist, 161 Wn. App. 103, 107, 253 P.3d 405 (2011) (reviewing sufficiency of service de novo).

The applicable statute of limitations requires plaintiffs to commence personal injury actions within three years from the date of injury. RCW 4.16.080. Filing a complaint before the limitation period expires tentatively commences an action. RCW 4.16.170, Banzeruk v. Estate of Howitz ex rel Moody, 132 Wn. App. 942, 945, 135 P.3d 512 (2006). If the plaintiff does not serve the defendant within 90 days of filing, the action will be treated as if it had not been commenced. RCW 4.17.170; Wothers v. Farmers Ins. Co. of Wash, 101 Wn. App. 75, 79, 5 P.3d 719 (2000).

Diep timely filed her summons and complaint on May 10, 2017. To complete commencement and toll the statute of limitations, she had to serve Ausler by August 8, 2017. Diep did not serve Ausler until October 29, 2017, almost three months after the service deadline. Therefore, the action must be dismissed with prejudice unless RCW 4.16.180 extended the limitations period. That statute provides:

> If the cause of action shall accrue against any person who is a nonresident of this state, or who is a resident of this state and shall be out of the state, or concealed therein, such action may be commenced within the terms herein respectively limited after the coming, or return of such person into the state, or after the end of such concealment; and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself or herself, the time of his or her absence or concealment shall not be deemed or taken as any part of the time limit for the commencement of such action.

To toll the statute of limitations, a defendant's concealment within the state "must be such that process cannot be served upon him which would make possible a personal judgment against him." Bethel v. Sturmer, 3 Wn. App. 862, 866-67, 479 P.2d 131 (1970) (quoting Summerrise v. Stephens, 75 Wn.2d 808, 811, 454 P.2d 224 (1969). The plaintiff carries the burden of proof when arguing that the statute of limitations should be tolled. Rivas v. Overlake Hosp. Med. Cen., 164 Wn.2d 261, 267, 189 P.3d 753 (2008). Concealment under RCW 4.16.180 means "clandestine or secret removal from a known address." Caouette v. Martinez, 71 Wn. App. 69, 74, 856 P.2d 725 (1993) (quoting Patrick v. DeYoung, 45 Wn. App. 103, 109, 724 P.2d 1064 (1986). "Willful evasion of process appears to be a necessary ingredient." Brown v. ProWest Transp. Ltd., 76 Wn. App. 412, 421, 886 P.2d 223 (1994) (citing Muncie v. Westcraft Corp., 58 Wn.2d 36, 38, 360 P.2d 744 (1961).

Here, the record shows that Diep had Ausler's correct address as early as May 18, 2017. Diep's process server contacted an adult resident at Ausler's address on July 2, 2017, more than a month before the statute of limitations expired. Substitute service is effective when a copy of the summons is left at defendant's "house of his or her usual abode" with a resident of "suitable age and discretion." RCW 4.28.080(16). The process server could have effected proper and timely substitute service on Ausler by leaving a copy of the summons and complaint with the adult resident he contacted on July 2. He did not. Subsequent research provided further confirmation that Diep did in fact have Ausler's correct address. Yet Diep inexplicably made no further attempts to serve Ausler until after

7

the statute of limitations expired. Tolling is not warranted under these circumstances.

Diep contends that an inference of concealment arises because Ausler and other residents failed multiple times to answer the door to the process server. She further notes that Ausler and the male resident or residents who answered the door to the process server withheld their names and refused to provide information. We disagree that these actions justify tolling the statute of limitations under RCW 4.16.080. Although defendants have a duty not to evade service, they are not obligated to assist the process server. Gross v. Sunding, 139 Wn. App. 54, 64, 161 P.3d 380 (2007); Goettemoeller, 161 Wn. App. at 110. Failure to answer the door to accept service does not constitute evasion. Weiss v. Glemp, 127 Wn.2d 726, 734, 903 P.2d 455 (1995); Gross, 139 Wn. App. at 64. Moreover, Ausler's interactions with the process server occurred after the statute of limitations expired. Such evidence is not relevant to the question of whether concealment occurred during the statute of limitations period. See Gross, 139 Wn. App. at 64 (defendant's actions occurring after the service deadline were not evidence of evasion); Patrick, 45 Wn. App. at 109 (evidence of concealment after statute of limitations period irrelevant).

Diep further contends that Brown and Caouette support the conclusion that Ausler concealed herself to avoid service. Both of these cases are distinguishable. In Brown, the plaintiff was the victim of a hit-and-run accident committed by a Canadian driver of a commercial vehicle registered in Canada. Brown, 76 Wn. App. at 414-15. This court concluded RCW 4.16.180 tolled the statute of

8

limitations because competent evidence showed the defendants' addresses could not have been located with due diligence until after the statute of limitations had run. Brown, 76 Wn. App. at 422. Similarly, in Caouette, the plaintiff was unable to locate any of the defendants despite "postal traces, telephone directory searches, and personal inquiries at defendants' last known addresses." Caouette, 71 Wn. App. at 71. The appellate court held the statute of limitations was tolled during the period defendants intentionally concealed themselves, regardless of whether they were amenable to service by publication. Caouette, 71 Wn. App. at 76. Here, in contrast, the record shows Diep had no difficulty obtaining Ausler's correct address within days of filing the summons and complaint. She nevertheless failed to effect timely service, even when presented with an opportunity to do so.[3]

Because Diep has failed to show that Ausler concealed herself to avoid service of process, RCW 4.16.180 does not toll the statute of limitations. The trial court did not err in dismissing her claim.

Affirmed.

WE CONCUR:

_Andrus, J._

_Chun, J._

_Schindler, J._

---

[3] When personal or substitute service is impossible, plaintiffs may seek leave from the court to utilize an alternative method of service such as RCW 4.28.080(17) (service by mail), RCW 4.28.100(2) (service by publication), or RCW 46.64.040 (service via the secretary of state). Diep did not pursue alternative means of service.