IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LIAO HUA, an unmarried individual, | No. 87796-8-I |
| Appellant, | |
| v. | DIVISION ONE |
| GANG YUAN, an unmarried individual, YUAN'S H&H PROPERTY INC., a Washington Corporation; YUAN'S MANAGEMENT INVESTMENT, INC, a Washington Corporation; L&Y REAL ESTATE DEVELOPMENT LLC, a Washington Limited Liability Company; BLUE HORIZON DEVELOPMENTS LLC, a Washington Limited Liability Company, | UNPUBLISHED OPINION |
| Respondents. | |

SMITH, J. — Liao Hua and Gang Yuan, both Chinese citizens, married in March 2009. During their marriage, the couple acquired real estate investments in the United States and Yuan created several corporations, which also purchased property. In February 2020, a Chinese court dissolved the parties' marriage without addressing any of the property interests in the United States. In January 2021, Hua initiated a partition action against the entities, contending she had an interest in the properties held by the corporations. The court dismissed the partition action, finding Hua was not a tenant in common with the entities. In July 2024, Hua moved the court under RCW 26.09.080 to divide the community

property that the Chinese dissolution decree did not distribute. The trial court dismissed the action as time barred. Hua appealed, claiming the action was not time barred because (1) ouster was required, (2) the court applied the wrong statute of limitations, and (3) the statute of limitations was tolled. We conclude the trial court applied the correct statute of limitations and did not err when it found Hua's action was time barred. We affirm.

FACTS

Background

Liao Hua and Gang Yuan, both Chinese citizens, married in March 2009. Shortly after they married, Hua and Yuan began travelling to the United States and, in November 2014, they purchased a home in Kirkland, Washington. During their time in Washington, Yuan created and funded several companies, including Yuan's Management Investment, Inc. (YMI), Yuan's H&H Property, LLC (H&H),[1] and L&Y Real Estate Development (L&Y).[2] In 2016, H&H acquired three properties in the University District.[3] In May 2017, H&H purchased a fourth property in Kirkland.[4] In 2018, H&H transferred the Kirkland property to YMI.

In July 2019, Hua initiated a dissolution action in King County. At the time, Yuan had left Washington and was living in China. Hua did not serve Yuan with

---

[1] After H&H was created, the corporation's agreement was amended to add Lu Management Investments, Inc (LMI) as a member. LMI belonged to Yuan's business parter, Jianhua Lu.

[2] The corporations are collectively referred to as the "entities."

[3] H&H purchased the first two lots in March 2016, and the third lot in September 2016.

[4] Collectively, these properties are referred to as the "properties."

the petition through People's Republic of China's Central Authority. Yuan moved to dismiss the claim for lack of jurisdiction. The court denied Yuan's motion, stating "jurisdiction over [Yuan] under the long-arm statute satisfies due process," but the court also noted Hua did not serve him in accordance with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"); therefore, it did not have jurisdiction over Yuan. In March 2020, Hua attempted to serve Yuan in accordance with the Hague Convention through a clerk at the Yubei People's Court of Chongqing. When the clerk called Yuan, Yuan indicated he was in the United States. The clerk contacted the building property manager at Yuan's residence in China, who indicated Yuan was home. The clerk noted that because Yuan "refused to cooperate and be served, [he] took the papers back to the court." In June 2020, Hua moved to deem service satisfied or, in the alternative, allow service by mail, but the court denied both motions. Hua made no further attempts at service. The court dismissed Hua's dissolution action in March 2021 based on Hua's failure to appear.

Meanwhile, Yuan obtained a divorce decree from the People's Republic of China in February 2020. The Chinese court did not address assets outside of the People's Republic of China, including the entities and properties in Washington. In January 2021, Hua initiated a partition action in King County for partition of the properties. Hua named the entities as defendants; Yuan was not

3

individually named in the partition action.[5]  Hua claimed she was entitled to partition of the properties because they were purchased with community property funds.  Lu, as a member of H&H, intervened in the action, and the partition action was stayed pending the outcome of a different action, which involved determining Lu's interest in the properties.  As part of the other action, an arbitrator found that Yuan contributed approximately $8.5 million to his companies from his own financial resources.  The arbitration award included reimbursement of funds that Yuan had loaned to the company.

In March 2024, after the arbitration award was issued, the entities moved for summary judgment on the partition action, contending Hua had no interest in the properties as a tenant-in-common.  The court granted the entities' motion and dismissed Hua's partition action, noting no genuine issues of material fact existed and Hua "failed to prove that she is a tenant in common with the property owners of each of the Subject Properties—some of whom are not named parties to this action—and/or [Hua] has failed to prove her respective interest in each of the Subject Properties."

In July 2024, Hua moved to divide community property acquired during the marriage under RCW 26.09.080.[6]  Hua named Yuan and the entities as defendants.  Hua asserted an interest in the entities and the debts owed by the

---

[5] Hua also named Yuan Family Holding 2018 Property LLC, Mandarin Restaurant Corporation, Blue Horizon Developments LLC, and Lu Management Investment.  These entities are not at issue in the current litigation.

[6] Hua filed an amended complaint in August 2024, asserting essentially the same claims.

businesses to Yuan, as identified in the March 2024 arbitration award.  Hua also requested the court appoint a receiver to supervise the liquidation of the properties.  Since Yuan resided in China, Hua arranged to serve Yuan under the requirements of the Hague Convention.  Chinese authorities attempted to serve Yuan, but they were told Yuan was in the United States.  Hua hired investigators to determine Yuan's whereabouts, but those efforts yielded no results before Yuan moved to dismiss Hua's action.

In September 2024, Yuan moved to dismiss under CR 12(b)(5) and (6).  Yuan alleged Hua's claims should be dismissed because he was not properly served and the claims were time barred under RCW 4.14.080(3).  Hua denied Yuan's claims and maintained the "entities, as well as the real estate and cash contained therein," belonged to her and Yuan "in amounts to be determined."  The court asked for additional briefing on the statute of limitations issue and continued the hearing.

The court heard from the parties again in January 2025.  Hua claimed the statute of limitations was tolled because Yuan evaded service and, even if the statute of limitations was not tolled, it should not have started running until the arbitration decision was made in March 2024, which is when Hua contends she learned about Yuan's personal assets.  The court found tolling of the statute of limitations was not warranted because no evidence existed that Yuan concealed himself for purposes of service.  The court granted Yuan's motion to dismiss, finding Hague Convention service had not been accomplished, the claims were time barred, and the statute of limitations was not tolled.  The court also

5

dismissed Hua's action under RCW 26.09.080 because those claims depended on her claims against Yuan. Hua appeals.

ANALYSIS

Standard of Review

We review a trial court's dismissal under CR 12(b)(6) de novo. *ADCI Corp. v. Nguyen*, 16 Wn. App. 2d 77, 82, 479 P.3d 1175 (2021). We also review de novo questions concerning which statute of limitations applies to a claim. *Silver v Rudeen Mgmt. Co., Inc.*, 197 Wn.2d 535, 542, 484 P.3d 1251 (2021). If the court considers declarations and exhibits outside of the pleadings, we treat the trial court's order as a motion for summary judgment. *Williams v. Gillies*, 19 Wn. App. 2d 314, 316, 495 P.3d 863 (2021). Dismissal is appropriate if we "conclude[] that the plaintiff can prove no set of facts that would justify recovery." *Trujillo v. Nw. Tr. Servs., Inc.*, 183 Wn.2d 820, 830, 355 P.3d 1100 (2015). We presume the plaintiff's allegations are true, and "all reasonable inferences are drawn in the plaintiff's favor." *Gorman v. City of Woodinville*, 175 Wn.2d 68, 71, 283 P.3d 1082 (2012).

Ouster

Hua contends the trial court erred when it found the statute of limitations had run because she has an interest in the properties as a tenant-in-common, therefore, ouster is necessary for the statute of limitations to begin. Because any interest Hua has is for personal property, not real property, ouster is not required.

When a dissolution decree does not address community property, the property is "owned thereafter by the former spouses as tenants in common."

*Yeats v. Yeat's Estate*, 90 Wn.2d 201, 203, 580 P.2d 617 (1978). When a property is owned by two individuals as tenants in common, "ouster is essential to the assertion of an applicable statute of limitations." *Shull v. Shepard*, 63 Wn.2d 503, 505, 387 P.2d 767 (1963).

Property owned by a limited liability company (LLC) is not real property belonging to the LLC's members. *See Bravern Residential, II, LLC v. Dep't of Revenue*, 183 Wn. App. 769, 779, 334 P.3d 1182 (2014). An LLC is a separate entity from its members, and members of an LLC have no ownership interest in specific property owned by the corporation. *See* RCW 25.15.246(1); *Bravern Residential*, 183 Wn. App. at 779. Similarly, shareholders, officers, and directors of a corporation do not have an interest in corporate property. *See State of Cal. v. Tax Commission of State*, 55 Wn.2d 155, 157, 346 P.2d 1006 (1959) ("The persons who are shareholders have only rights of participation in the management of the corporate affairs.").

Hua contends that because ouster did not occur, the statute of limitations on her claim to the properties never started to run. But ouster is only required where parties own property as tenants in common. Neither Hua nor Yuan hold title to the properties that Hua alleges an interest in; the properties are owned by the entities. Hua contends the name on the title does not matter because all property acquired during marriage is presumptively community property. Hua cites to several cases for support, but in each of the cases relied upon, the plaintiff pleaded facts showing they had an interest in the property at issue. In *Seals v. Seals*, the wife brought a partition action after she discovered business

7

assets the husband failed to disclose during the dissolution proceeding. 22 Wn. App. 652, 655-56, 590 P.2d 1301 (1979). Unlike here, the wife asserted an interest in corporate stock, not real property, and the action was brought against the husband, not the corporation. In *Lavigne v. Hughes*, the property at issue was originally owned by the former spouses but was subsequently transferred to a corporation for the parties' benefit. 199 Wn. 285, 288, 91 P.2d 560 (1939). The court held that, despite the legal title being vested in a corporation at the time of divorce, "the actual and equitable title to the property . . . was vested in the parties as a marital community." *Lavigne*, 199 Wn. at 288.

Here, Hua never held title to any of the properties, nor does any evidence exist that the entities hold title in name only. Even as a member of the entities, Yuan does not have an interest in the properties owned by the corporations. Because neither Hua nor Yuan hold title to the properties, Hua and Yuan cannot be tenants in common for purposes of ouster. Accordingly, ouster was not required for the statute of limitations to begin.

### Statute of Limitations

Hua contends the trial court applied the wrong statute of limitations because she asserted an interest in real property, which has a statute of limitations of ten years.[7] Alternatively, Hua claims if the three-year statute of

---

[7] Alternatively, Hua contends the amounts owed to Yuan from the entities are "rent and profits" of the real estate acquired with his investments and, accordingly, the six-year statute of limitations under RCW 4.16.040(3) govern. Because Hua raises this argument for the first time on appeal, we decline to address the issue. RAP 2.5(a); *State v. Dugan*, 36 Wn. App. 2d, 499, 587 P.3d 487, 499 (2026).

limitations applied, it had not expired at the time she initiated her complaint. Because any interest Hua may have had was in the amounts contributed by Yuan, which is personal property, not real property, the trial court did not err when it applied the three-year statute of limitations. Additionally, the statute of limitations began to run when Hua brought her partition action in January 2021.

Actions for the recovery of real property must be commenced within ten years of the time the cause of action accrued. RCW 4.16.020. But actions for the recovery of personal property must be commenced within three years of the time the cause of action accrued. RCW 4.16.080(2); *Mohandessi v. Urban Venture LLC*, 13 Wn. App. 2d 691, 692, 468 P.3d 622 (2020). Generally, the cause of action accrues " 'when a party has the right to apply to a court for relief.' " *Mohandessi*, 13 Wn. App. 2d at 692 (quoting *Haslund v. City of Seattle*, 86 Wn.2d 607, 619, 547 P.2d 1221 (1976)). If a party does not exercise reasonable diligence in pursuing a legal claim, " 'the cause of action will be barred by the statute of limitations.' " *Zaleck v. Everett Clinic*, 60 Wn. App. 107, 113, 802 P.2d 826, 829 (1991) (quoting *Reichelt v. Johns-Manville Corp.*, 107 Wn.2d 761, 772, 733 P.2d 530 (1987)).

As discussed *supra*, the interest at issue is personal property, not real property, and, accordingly, the three-year statute of limitations applies. Hua contends that, even assuming the three-year statute of limitation applies, her July 2024 complaint was timely. Hua maintains the arbitration award in March 2024 was the first time the amounts owed to Yuan were established, and that is when the statute of limitations started to run. But an action accrues when a party

9

discovers the facts which give rise to the action, not when the party "understand[s] all the legal consequences of a claim." *Green v. A.P.C.*, 136 Wn.2d 87, 95, 960 P.2d 912 (1998).

When Hua initiated her partition complaint against the entities in January 2021, she should have reasonably known the facts underlying the claim she now brings against Yuan. In her 2021 complaint, Hua stated the entities "were created during the marriage or hold title to property purchased during the course of the marriage." Despite acknowledging Yuan created the entities during the marriage, she did not name Yuan in that action. The only new facts discovered since Hua initiated the action against the entities is the amount that Yuan contributed, which was disclosed in the arbitration. But the amount Yuan is entitled to is not an essential element of the cause of action. Accordingly, the three-year statute of limitations began to run when Hua initiated the action against the entities in January 2021 and expired prior to her bringing this action in July 2024.[8]

### Tolling

Hua claims the trial court erred when it found the statute of limitations was not tolled due to Yuan concealing himself from service. Because Hua did not use reasonable efforts to serve Yuan and no evidence exists to show Yuan was evading service, the trial court did not err.

---

[8] Yuan contends the statute of limitations could have started running when the Chinese divorce decree was entered (February 8, 2020), or when Hua's divorce action was dismissed (March 9, 2021). Under any of these dates, Hua's current action would be time barred.

When a plaintiff alleges the statute of limitations was tolled and their claim is not barred, they carry the burden of proof. *Rivas v. Overlake Hosp. Med. Ctr.*, 164 Wn.2d 261, 267, 189 P.3d753 (2008). Under RCW 46.16.180, the statute of limitations is tolled during the time a nonresident defendant is concealed. *See Brown v. ProWest Transp. Ltd.*, 76 Wn. App. 412, 421, 886 P.2d 223 (1994). "Concealment under RCW 4.16.180 is defined as 'a clandestine or secret removal from a known address.' " *Rodriguez v. James-Jackson*, 127 Wn. App. 139, 147, 111 P.3d 271 (2005) (internal quotation marks omitted) (quoting *Caouette v. Martinez*, 71 Wn. App. 69, 74, 856 P.2d 725 (1993)). Evidence of willful evasion is necessary to toll the statute of limitations. *Rodriguez*, 127 Wn. App. at 147. Before it can be found that a defendant was concealing themselves, the plaintiff must make a "reasonable effort" to locate the defendant. *Rodriguez*, 127 Wn. App. at 143.

First, Hua claims the trial court erred because the court must consider the facts in the light most favorable to the nonmoving party and Yuan presented no evidence to dispute her claims that he concealed himself from service. But, Hua, the plaintiff, is the party alleging the statute of limitations was tolled; therefore, she has the burden of proof.

Hua attempted service twice on Yuan: service of the 2019 divorce action and service of the current action in 2024. Concerning Hua's 2019 service attempt, the only evidence of concealment that Hua presents is her claim that Yuan evaded service when he indicated to the service processor that he was in the United States, but Yuan's property manager claimed Yuan was at his home

11

in China, though no verification exists that it was true. Hua made no additional attempts to effectuate service. Washington law does not specify a minimum number of service attempts required before a defendant is deemed to be concealing themselves, but a single attempt with no follow-up inquiries is clearly insufficient. *See, e.g.*, *Rodriguez*, 127 Wn. App. at 144 (finding "several attempts" to serve the defendant without following up on the defendant's address was not sufficient to effectuate service).

Hua did not make reasonable efforts to locate Yuan and serve him in the 2019 divorce action, and no evidence exists supporting Hua's contention that Yuan was concealing himself from service. Accordingly, we find no error with the trial court's determination that the statute of limitations was not tolled.[9]

We affirm.

_Smith, J._

WE CONCUR:

_Díaz, J._          _Chung, J._

---

[9] Hua also contends Yuan evaded service in the current action, but because the action is time barred, we do not address the issue.